**ELECTRIC & WATER PLANT BOARD OF the CITY OF FRANKFORT, Kentucky, et al., Appellants,**

v.

**SUBURBAN ACRES DEVELOPMENT, INC., Appellee.**

**SUBURBAN ACRES DEVELOPMENT, INC., Cross-Appellant,**

v.

**ELECTRIC & WATER PLANT BOARD OF the CITY OF FRANKFORT, Kentucky, et al., Cross-Appellees.**

Court of Appeals of Kentucky.

June 14, 1974.

Rehearing Denied Oct. 4, 1974.

Marion Rider, Frankfort, for appellants and cross-appellees.

H. Alexander Campbell, Stephen N. Frazier, Louisville, for appellee and cross-appellant.

STEPHENSON, Justice.

The Franklin Circuit Court by mandatory injunction directed the Frankfort Electric & Water Plant Board to furnish water to the property of Suburban Acres Development, Inc., located outside the city limits of Frankfort. The Electric & Water Plant Board appeals. Suburban Acres Development, Inc., cross-appeals from the judgment dismissing its claim for damages. We affirm on the appeal and on the cross-appeal.

Suburban acquired a parcel of land outside the city limits of Frankfort for the purpose of constructing an apartment complex. An officer of Suburban contacted the manager of the Electric & Water Plant Board requesting a commitment letter to provide service, which he stated was necessary for negotiating loans to finance the construction of the apartment complex.

The following letter was sent to Suburban:

"Suburban Acres Development, Inc.
P. O. Box 621
Frankfort, Kentucky 40601

Attention: Mr. Tom D. Isaacs

Gentlemen:

"Pursuant to your request, be advised that an adequate supply of water and electricity can readily be made available to the plot of land indicated by the Plot Plan dated June, 1972, prepared by E L S Associates, Midway, Kentucky.

"Until we are fully informed as to the details of the contemplated development, we would not be in a position to indicate to you the cost that would be involved.

"The matter of the Electric and Water Plant Board of the City of Frankfort supplying your electrical needs is being questioned by Kentucky Utilities Company. However, at this time we are unwilling to admit that we do not have the right to serve your property.

"Very truly yours,

Mitchell W. Tinder
General Manager

MWT/MCG

cc: Mr. Floyd Hahn, Water Supt.
cc: Mr. Paul T. Myrick, Elec. Supt."

Suburban then used the above letter in securing a financing commitment and a construction loan commitment and commenced construction. Some six weeks later, after Suburban had requested water service for the construction, the Electric & Water Plant Board at a regular meeting voted to delay water service to Suburban until it could be ascertained who was to serve the area with electricity.

Suburban then filed suit in the Franklin Circuit Court asking injunctive relief. The trial court issued a mandatory injunction requiring the Electric & Water Plant Board to furnish water to Suburban.

The Electric & Water Plant Board argues that the letter sent to Suburban did not constitute a commitment to furnish only water or any commitment at all and that the Electric & Water Plant Board is under no duty to furnish water to consumers outside the city limits of Frankfort.

The trial court in its findings concluded that the Electric & Water Plant Board had no statutory or common law duty to provide water service to the involved area, but further found that the letter furnished to Suburban constituted an agreement to enter into a contract for the supply of water service and that the Electric & Water Plant Board was estopped to deny such service.

The record reveals that the Electric & Water Plant Board did not always link water service and electric service together for

the purposes of service outside the city limits.

It is apparent from the content of the letter and the record that there existed a dispute between the Electric & Water Plant Board and a public utility as to who would serve the involved area with electricity. We do not consider that Suburban should be penalized by waiting for the resolution of this dispute in view of the language of the letter and the circumstances of its issuance.

We are of the opinion that this situation presents a state of facts which constitute estoppel. The Electric & Water Plant Board was informed that a letter of commitment for service was necessary to arrange for financing; the letter was furnished. Suburban in reliance on the letter made financial commitments and commenced construction.

■ The essential elements of equitable estoppel are "(1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice." 28 Am.Jur.2d Estoppel and Waiver § 35 and Smith v. Howard, Ky., 407 S.W.2d 139 (1966).

■ The factual situation here falls within the essential elements so described.

■ Much of the Electric & Water Plant Board's other argument centers on the contract entered into by it and Suburban at the direction of the trial court. This contract provided that the water service to Suburban would tap a six-inch line which services other customers, and the Electric & Water Plant Board argues that this service to Suburban may well prove to be detrimental to its other customers. It is clear from the content of the letter to Suburban, and Suburban agrees, that the cost of providing the water service should be borne by Suburban. Should a situation develop that the water service provided for in the contract approved by the trial court proves detrimental to the other customers on that line, then the Electric & Water Plant Board should have the discretion to provide for remedial measures at the expense of Suburban.

We have reviewed the trial court's denial of Suburban's claim for damages and find no prejudicial error.

The judgment is affirmed on appeal and on cross-appeal.

OSBORNE, C. J., and JONES, MILLIKEN, REED, STEINFELD and STEPHENSON, JJ., concur.

PALMORE, J., not sitting.