J. BRANHAM ERECTING & STEEL SERVICE COMPANY, INC., d/b/a Bessco; and J.L. Poole Leasing, Inc., now A.V.P., Inc., by name change, Appellants,

v.

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION, Commonwealth of Kentucky, Appellee.

No. 93-CA-0765-MR.

Court of Appeals of Kentucky.

April 29, 1994.

Case Ordered Published by Court of Appeals June 10, 1994.

Discretionary Review Denied by Supreme Court Aug. 24, 1994.

Douglas W. Becker, Becker, Farris & Gallagher, Louisville, Gross C. Lindsay, Patrick Clark Shea, Trimble, Lindsay & Shea, Henderson, for appellants.

Charles P. Lawrence, Timothy A. Sturgill, Dept. of Law, Cabinet for Human Resources, Frankfort, for appellee.

Before EMBERTON, HUDDLESTON and JOHNSTONE, JJ.

JOHNSTONE, Judge.

The issue in this appeal is whether the Kentucky Unemployment Insurance Commission may be estopped from requiring the payment of additional unemployment contributions necessitated by the application of an erroneous initial assessment at a much lower rate than provided in KRS 341.272. The Franklin Circuit Court concluded that, absent special circumstances not present in this case, the doctrine of equitable estoppel may not be utilized to preclude public agencies from fulfilling their statutory duties. We agree and affirm.

The facts as set forth in the Commission's orders are undisputed. Appellants are two companies engaged in the contract construction business which paid their unemployment insurance assessments for the years in question at the three percent (3%) rate assigned by the Division of Unemployment Insurance. The assignment of the 3% rate was a mistake on the part of the division and was substantially lower than the rate required by KRS 341.272. By order, the Commission ruled that each appellant was liable for additional assessments to correct the erroneous initial assessment. The additional contribution for appellant BESSCO amounted to $22,884.18 and for A.V.P., it amounted to $12,865.50. An appeal to the Franklin Circuit Court resulted in a judgment upholding the additional assessments.

In their subsequent appeal to this Court, appellants argue that the doctrine of equitable estoppel must be applied to prevent the Commission from retroactively tripling the unemployment tax rate it had previously assigned them; that any retroactive assessment by the Commission is prohibited; and finally, that Kentucky Constitution §§ 1, 2, 3, 26, and 171 prohibit the Commission from making the reassessments in question. Our review of the facts of this case in light of applicable case law convinces us that the decision of the circuit court must be affirmed.

The statute at the center of this controversy provides as follows:

KRS 341.272:

(1) Notwithstanding any section of this chapter to the contrary, on or after July 15, 1984, any new domestic corporation, or any foreign corporation authorized to do business in this state, or any foreign corporation active in conjunction with a domestic corporation in a joint venture, partnership or other legal entity *engaged in the contract construction trades shall pay contributions equal to the maximum rate of contributions payable under the rate schedule in effect for any given calendar year as determined by KRS 341.270; and, such maximum rate of contributions shall remain in effect until the employer has employed persons in this state for not less than twelve (12) consecutive calendar quarters ending as of September 30 immediately preceding the computation date.* Thereafter, such employer's contribution rate shall be determined in accordance with the provisions of subsection (4) of KRS 341.270. (Emphasis added).

It is undisputed that each appellant in this case falls within the purview of the statute under its definition of contract construction trades. Appellants do not suggest that the corrected assessments exceed the assessment required under KRS 341.270 and 341.272 had the initial assessment been properly computed. Their position is simply that the Commission, having issued an incorrect assessment, may not correct its error.

Appellants first contend that the doctrine of equitable estoppel operates to bar the reassessments, citing *Laughead v. Common-*

*wealth, Department of Transportation,* Ky., 657 S.W.2d 228 (1983), to support their argument that the trial judge erred in refusing to apply the doctrine against the Commonwealth. We are of the opinion that reliance upon *Laughead* is misplaced.

The trial judge in the case at bar clearly adhered to the general rule that equitable estoppel does apply to governmental agencies, but *only* in exceptional circumstances. *Urban Renewal and Community Development Agency of Louisville v. International Harvester Company of Delaware,* Ky., 455 S.W.2d 69 (1970). As noted in the opinion of the circuit judge, the rationale behind this rule is well expressed in *Maryland Casualty Company v. Magoffin County Board of Education,* Ky., 358 S.W.2d 353, 358–59 (1962), which we find peculiarly appropriate to the facts of this case:

But there is an overriding public policy which makes a distinction between the action or nonaction of public officials when acting in a governmental capacity. That policy, in short, is that negligence or dereliction of public officials will not work an estoppel against the state or its several agencies and subdivisions. The principle rests upon the broad ground that the public is entitled to greater consideration in weighing the equities than where rights of individuals only are concerned. *City of Paducah v. Gillispie,* 273 Ky. 101, 115 S.W.2d 574. The law is long established and deeply rooted in this and other states that, subject to special exceptions, the doctrine of equitable estoppel has no application to governments, municipal corporations and other agencies when their officials are acting in governmental capacities.

We, like the trial judge, find this case lacking in the special circumstances necessary to invoke the doctrine against the Commonwealth. Although no Kentucky case clearly delineates what constitutes "special circumstances," the Court in *City of Shelbyville v. Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet,* Ky.App., 706 S.W.2d 426 (1986), refers to circumstances "so exceptional" as to work a "gross inequity" between the parties. The special circumstance sufficient to invoke the

doctrine in *Laughead, supra,* was the government's course of conduct which "lulled" the opposing party into inaction and then later took an inconsistent position to the other party's detriment. The lesson the opinion in *Laughead* teaches is that equity will not allow a party to benefit from its own intentional, inconsistent conduct.

There is, however, no inconsistent conduct in this case, merely administrative error. Moreover, utilizing the criteria set out in *Gray v. Jackson Production Credit Association,* Ky.App., 691 S.W.2d 904, 906 (1985), we have serious reservations as to whether the elements of equitable estoppel are present from a purely factual standpoint. The Court in *Gray* held that equitable estoppel must be predicated on the following factors:

> These elements include: (1) Conduct, including acts, language and silence, amounting to a representation or concealment of material facts; (2) the estopped party is aware of these facts; (3) these facts are unknown to the other party; (4) the estopped party must act with the intention or expectation his conduct will be acted upon; and (5) the other party in fact relied on this conduct to his detriment.

At oral argument, counsel for appellants made a compelling argument for estoppel based upon the Commission's knowledge as early as 1984 that there were problems with these assessments. However, careful and thorough review of the testimony indicates that the only knowledge which can be fairly imputed to the Commonwealth is that the rates assigned to as many as 300 taxpayers might be erroneous and that a case-by-case investigation should be undertaken. That is exactly what took place and what occasioned the lengthy delay in correcting the erroneous rates. We find absolutely no basis for concluding that a gross inequity in the parties' positions was created by act of the public employees. The correct rates were clearly specified in statutory law. As unfortunate as the erroneous assessments in this case may seem, the fact that a mistake was made in applying those rates to appellants does not rise to the level of conduct necessary to work an estoppel.

■ Next, appellants assert that the Commission has no statutory authority to correct errors in assessments. Again, we disagree. KRS 341.125(1) plainly authorizes the Secretary of the Cabinet for Human Resources to "take such other action" as is necessary for the proper administration of KRS Chapter 341. Considering the duty that statute imposes on the Secretary to administer the chapter, one need not venture far from the statute itself to find authority to correct erroneous assessments. Appellants unsuccessfully attempt to analogize the holding in *Russman v. Luckett,* Ky., 391 S.W.2d 694 (1965), to the case at bar. The improper assessments at issue in *Russman* resulted from the assessing authorities having "intentionally, systematically and notoriously" assessed property far below its actual cash value as required by statute. That factor alone distinguishes *Russman* from situations in which an improper assessment is the result of mistake. The balance of the equities was clearly weighted on the side of the taxpayers in *Russman;* it is not so in the instant case.

Finally, we concur in the trial judge's determination that no constitutional infringement has been demonstrated in this case. Appellants' argument appears to be that because the Commission has not corrected all the errors in assessments, it may not correct any. The record in this case disproves any theory of selective enforcement. We find nothing upon which appellants can legitimately claim disparate treatment.

Accordingly, the judgment of the Franklin Circuit Court is in all respects affirmed.

HUDDLESTON, Judge, concurs.

EMBERTON, J., dissents by separate opinion.

EMBERTON, Judge, dissenting.

I respectfully dissent. As I review the facts as presented at oral arguments—and in the briefs—I am convinced that special circumstances are presented sufficiently that equitable estoppel ought to apply. Contrary to the opinion of the majority, I believe the elements set forth in *Gray v. Jackson Production Credit Association,* Ky.App., 691 S.W.2d 904, 906 (1985), are adequately met.

All the appellants engaged in business transactions (from project bidding to sale of one of the companies) where knowing precisely the operating costs and tax liabilities were critical factors to the success of those transactions. To have corrected billings imposed for those prior years, some four years later, creates losses that cannot be recovered. I think the application of equitable estoppel is appropriate. I would reverse.