Linda Darleen WEIAND, Appellant,

v.

BOARD OF TRUSTEES OF KENTUCKY RETIREMENT SYSTEMS; Steven J. Weiand; and A.B. Chandler, III, Attorney General of Kentucky, Appellees.

No. 1999–SC–0486–DG.

Supreme Court of Kentucky.

Aug. 24, 2000.

J. Baxter Schilling, Louisville, for Appellant.

Robert W. Kellerman, Lizbeth Ann Tully, Frankfort, for Appellee, Board of Trustees of Kentucky Retirement Systems.

Stephen M. George, Louisville, for Appellee, Steven J. Weiand.

A.B. Chandler, III, Attorney General, Frankfort, for Appellee, A.B. Chandler, III.

JOHNSTONE, Justice.

Appellant, Linda Darleen Weiand, brought an action under the Declaratory Judgment Act, KRS 418.040, in which she challenged the refusal of the Kentucky Employee Retirement System (KERS) to allow her to receive benefits from her ex-husband's retirement account upon his death. The trial court found for KERS and Weiand appealed. The Court of Appeals affirmed. We granted discretionary review and affirm both the Court of Appeals and the trial court.

Darleen married Steven Weiand on July 14, 1973. The couple was still married when Steven retired from the City of Louisville Police Department on April 1, 1988. Prior to retiring, Steven elected to receive retirement benefits from KERS under the "Survivorship 100%" option. This option guarantees a monthly benefit to the member for life. Upon the member's death, the designated beneficiary is eligible to receive the same monthly benefit for life. Steven named Darleen as his beneficiary and began receiving benefits in April, 1988.

Darleen and Steven separated in July, 1988. They entered into a Marital Settlement Agreement in February, 1989. The agreement clarified that nothing contained within it was intended to alter Darleen's rights as Steven's named beneficiary to receive his pension benefits should he predecease her. After their divorce was finalized on February 21, 1989, Steven and Darleen submitted a Qualified Domestic Relations Order (QDRO), which incorporated the terms of the Marital Settlement Agreement, to KERS for approval. KERS notified Steven and Darleen that it could not approve the QDRO because the divorce decree terminated Darleen's status as Steven's beneficiary pursuant to KRS 61.542(2)(b).

KRS 61.542(2)(b), as it was in effect at the time Steven elected the "Survivorship 100%" option, provides:

A member shall not have the right to change his beneficiary after the first benefit payment has been drawn by the state treasurer. The estate of the retired member becomes the beneficiary if the date of the death of the beneficiary precedes or coincides with the date of death of the retired member or if the retired member has designated a spouse and they were divorced on the date of the retired member's death.

1986 Ky. Acts Ch. 90 § 9.

Subsequent to this Court's grant of discretionary review, Steven died on April 8, 2000. Upon his death, KERS made his estate the beneficiary pursuant to the above statute.

Darleen makes multiple attacks on the trial court's order and the Court of Appeals' opinion. She argues: (1) KERS's interpretation of KRS 61.542(2)(b) is contrary to the legislative intent and the plain meaning of the statute; (2) KERS is estopped from denying Darleen status as Steven's beneficiary; and (3) KERS's construction of KRS 61.542(2)(b) violates the United States Constitution's Equal Protection, Due Process and Takings Clauses under the Fourteenth and Fifth Amendments.

## STATUTORY CONSTRUCTION

■ KRS 61.542(2)(b) provides in pertinent part: "The estate of the retired member becomes the beneficiary ... if the retired member has designated a spouse and they *were divorced on the date* of the retired member's death." (Emphasis added). Darleen argues that under the plain language of this statute, the estate becomes the beneficiary only if the retired member and the beneficiary-spouse get a divorce on the actual date of the retired member's death. This argument assumes that the word "divorced" in the statute refers to the act of getting divorced, *e.g.*, q: Are you married? a: No. I got divorced a

year ago from today. However, the word "divorced" can also refer to a status, *e.g.*, q: Are you married? a: No. I'm divorced. The more reasonable interpretation of the statute is that the word "divorced" refers to a status and not an act. The situation where a divorce and death coincide would be quite rare. Further, singling out such a particular event for depriving a person of beneficiary status makes little sense and would appear to be quite arbitrary.

Therefore, we agree with both the Court of Appeals and the trial court that, under KRS 61.542(2)(b), the estate becomes the beneficiary if the retired member and the beneficiary-spouse have the status of being divorced from each other on the date of the retired member's death.

## ESTOPPEL

■ Darleen next argues that KERS should be estopped from denying her beneficiary status.

As stated in *Electric and Water Plant Board of City of Frankfort v. Suburban Acres Development, Inc.*, Ky., 513 S.W.2d 489 (1974):

> The essential elements of equitable estoppel are[:] (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claim-

ing the estoppel, to his injury, detriment, or prejudice.

*Id.* at 491 (internal quotation marks omitted).

Darleen argues that the Summary Plan Description KERS provided the Weiands did not put them on notice that Darleen would lose her beneficiary status if she and Steven divorced while he was "in pay" status, which occurred after the state treasurer drew Steven's first retirement check. The Summary Plan Description provides the following description for the "Survivorship 100%" option, which Steven chose:

> This option guarantees a monthly benefit to the member for life. In the event the member dies, the beneficiary is eligible for the same monthly benefit until death.

Darleen argues that this description is either a false representation or a concealment of material facts. She further argues that this description breaches KERS's statutory duty under KRS 61.540(2) to draft a Summary Plan Description in a manner calculated to be understood by both members and beneficiaries alike and to be "sufficiently accurate and comprehensive to reasonably apprise [members and beneficiaries] of their rights and obligations under the provisions of KRS 16.505 to 16.652, 61.510 to 61.705 and 78.510 to 78.852." In addition, she argues that the Summary Plan Description provided Steven by KERS violated its statutory obligation under KRS 61.540(3)(f) to include in the plan a "reasonable list of circumstances which would result in disqualification, ineligibility, or denial or loss of benefits."

■ Equitable estoppel cannot be invoked against a governmental entity, except in unique circumstances where the court finds exceptional and extraordinary equities involved. *Urban Renewal and Community Development Agency of Louisville v. International Harvester Company of Delaware*, Ky., 455 S.W.2d 69, 72 (1970). Further, estoppel is a question

of fact to be determined by the circumstances of each case. *Anspacher v. Utterback's Adm'r*, Ky., 68 S.W.2d 15, 18, 252 Ky. 666 (1934); *McKenzie v. Oliver*, Ky. App., 571 S.W.2d 102, 106 (1978); *cf. United Parcel Service Company v. Rickert*, Ky., 996 S.W.2d 464, 470 (1999).

The trial court concluded on this issue that "the equities involved in this case are not so extraordinary as to warrant a finding of estoppel." In support of this finding, the trial court found: (1) another section of the Summary Plan Description clearly states that an employee should not rely solely upon the limited language contained in the Plan in determining which option to choose; (2) the Plan also states that, if the Plan and the controlling statutes are in conflict, the statutes will be the final authority; (3) the Plan also states that a final divorce decree voids a spouse's designation as beneficiary unless the member re-designates the spouse after the decree has been issued; (4) further, the Plan recommends that each member discuss his retirement options with a retirement benefits counselor prior to making a choice, because a member may not change his or her beneficiary after the first retirement check is issued; and (5) no one at KERS affirmatively advised the Weiands that a divorce subsequent to Steven's benefit option would not affect Darleen's beneficiary status.

The findings of a trial judge sitting without jury may not be set aside unless clearly erroneous. *Lawson v. Loid*, Ky., 896 S.W.2d 1, 3 (1995); CR 52.01. Upon review of the trial court's findings of fact on this issue, we cannot say its ultimate finding of no equitable estoppel was clearly erroneous.

## CONSTITUTIONAL CHALLENGES

Finally, Darleen argues that KERS's construction of KRS 61.542(2)(b) violates the United States Constitution's Equal Protection, Due Process and Takings Clauses under the Fourteenth and Fifth Amendments.

## EQUAL PROTECTION

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313, 320 (1985). As a general rule, a statute is presumed valid and will survive an equal protection challenge if it can be shown that the classification drawn by the statute is rationally related to a legitimate state interest. *Id.*, 473 U.S. at 440, 105 S.Ct. at 3254, 87 L.Ed.2d at 320. However, if the challenged statute classifies by race, alienage or national origin or impinges on a fundamental right, the statute is subject to strict scrutiny and only survives an equal protection challenge if it can be shown that the statute is narrowly tailored to serve a compelling state interest. *Id.* There is an intermediate, heightened standard of review which is normally applied to classifications based on gender and illegitimacy. *Id.*, 473 U.S. at 440–41, 105 S.Ct. at 3254–55, 87 L.Ed.2d. at 320–21.

Darleen argues that we should apply strict scrutiny to our review of the statute in question because it classifies based on divorce. Darleen notes that marriage is a fundamental right and laws that impinge upon that right are subject to strict scrutiny. *Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967). Thus, she argues that divorce likewise should be considered a fundamental right. The ability to obtain a divorce has not heretofore been declared a fundamental constitutional right and is a dubious proposition. However, we have no call to decide the issue as the statute does not impinge upon Darleen's ability to obtain a divorce.

Statutes and regulatory schemes that do not significantly interfere with the right to enter into marriage are

subject to a rational basis review. *See Califano v. Jobst,* 434 U.S. 47, 53–54, 98 S.Ct. 95, 99–100, 54 L.Ed.2d 228, 234–35 (1977). The statute in question did not impinge upon Darleen's ability to obtain a divorce. It did not impose any affirmative costs to obtain a divorce, nor did it place any legal obstacles in her path to a divorce decree. Rather, the statute merely deprived her of a possible financial benefit. Thus, the statute is subject to a rational basis review. "Under the rational basis test, a classification must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Commonwealth v. Howard,* Ky., 969 S.W.2d 700, 703 (1998), citing *Heller v. Doe,* 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993); *F.C.C. v. Beach Communications, Inc.,* 508 U.S. 307, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). The trial court found that there was a rational basis for the classification contained in KRS 61.542(2)(b):

> The statute is designed to prevent a retired member's ex-spouse from receiving his retirement benefits after the member dies, as the member has no other means of changing his beneficiary after he enters pay status, and it is likely that he no longer desires to support an ex-spouse.

As the trial court has articulated a perfectly reasonable basis for the classification, we hold that the statute does not violate Darleen's right to equal protection.

### DUE PROCESS AND TAKINGS

We do not believe that we can improve on the reasoning of the trial court on this issue and adopt it as our own:

> Likewise, the statute does not violate the Due Process Clause. In order for Darleen to have a claim under Due Process, she must first have a property interest in the retirement benefits. In this respect, it is important to remember that even if Steven and Darleen did not divorce, she might never receive any of his pension benefits, as there is a possibility that she could predecease Steven. Property rights are created and defined by state law. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Thus, whatever property rights Darleen may have are created and defined by the statutory scheme which governs the Kentucky Employees Retirement System. KRS 61.542(2)(b) is part of this statutory scheme, and that statute clearly states that Darleen has no rights to Steven's benefits after they divorce. Therefore, there can be no violation of due process. Similarly, there can be no unconstitutional taking of Darleen's property, as she has no property interest in these benefits.

Trial Order, *Weiand v. Board of Trustees of Kentucky Retirement Systems,* 91–CI–1103 at 8 (Franklin Circuit Court, Div. II, April 7, 1998).

For the reasons set forth above, the opinion of the Court of Appeals is hereby affirmed.

COOPER, GRAVES, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

LAMBERT, C.J., dissents by separate opinion.

LAMBERT, Chief Justice, dissenting.

Judge Schroder's dissenting opinion in the Court of Appeals well expresses my view as to the proper resolution of this case. As such, I adopt and publish herewith Judge Schroder's dissenting opinion:

> I have a real problem with this case. Prior to retirement, the parties chose the "Survivorship 100%" retirement benefits payout. At retirement, the beneficiary and the benefits payable become etched in stone, with actuaries based on the age and death of both. The retirees had bargained for and received less retirement benefits monthly in exchange for 100% survivorship benefits. I be-

lieve that the retirees' benefits become vested and the divorce should have no effect on the survivorship benefits. The bargain was to continue retirement benefits until death, not divorce. The policy provision which terminates benefits based on divorce is against public policy, and does not reasonably relate to the purpose of retirement benefits—to provide benefits during retirement, not during marriage.