Martha SPALDING, Appellant

v.

MARION COUNTY BOARD OF EDU-
CATION; and Donald Smith, in his
official capacity as Superintendent of
the Marion County Schools, Appellees.

No. 2013–CA–000632–MR.

Court of Appeals of Kentucky.

May 2, 2014.

Discretionary Review Denied by Supreme
Court Feb. 11, 2015.

612

Jeffrey S. Walther, W. Scott Hunt, Lexington, KY, for Appellant.

Robert L. Chenoweth, Grant R. Chenoweth, Lawrenceburg, KY, for Appellees.

Before ACREE, Chief Judge; TAYLOR and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Martha Spalding appeals from the Marion Circuit Court order granting summary judgment in favor of the Marion County Board of Education and Donald Smith, in his official capacity as Superintendent of the Marion County Schools (hereinafter collectively referred to as "Board") and denying Spalding's cross-motion for summary judgment. The trial court held that Spalding's position as Family Literacy Instructor with the Board was that of a "classified employee," rather than a "certified employee," and resolved Spalding's request for declaration of rights accordingly. Implicit in the trial court's ruling was also a denial of Spalding's claim that the Board was equitably estopped from denying that Spalding was a "certified employee." Based on our review of the record, we believe a genuine issue of material fact exists concerning Spalding's equitable estoppel claim and therefore reverse this portion of the trial court's order. On remand, Spalding is entitled to a factual determination as to the applicability of equitable estoppel in this case.

Beginning with the school year 2000–01, Spalding has been employed by the Board as a Family Literacy Instructor. This employment has continued under annual contracts renewed every school year since. The contracts do not specify whether the position of Family Literacy Instructor is "classified" or "certified" status. Spalding has maintained certification for grades K–4 through the Kentucky Education Professional Standards Board throughout her employment with the Board. Her position as Family Literacy Instructor primarily involves teaching General Educational Development ("GED") and Adult Education courses.

In February 2009, Spalding submitted a "Certified Re-employment Application," *i.e.*, an annual contract, as she had done each year since 2000–01, indicating that she wished to be re-employed in the Marion County School District for the 2009–10 year. For the first time, Spalding indicated on the application that she anticipated a change in rank to Rank II for the 2009–10 school year, based on her belief that she had earned enough academic credits to be entitled to Rank II and its attendant salary increase. *See* KRS[1] 161.1211 (discussing rank and salary schedule).

In April 2009, the Superintendent sent Spalding a letter indicating that her employment was not being renewed for the 2009–10 school year. Thereafter, the Superintendent offered Spalding a one-year contract for her position as Family Literacy Instructor, at the same rate of pay. Spalding accepted the position, but expressed her disagreement with the Board's characterization of her employment status as that of a "classified employee," rather than a "certified employee," the latter status having certain attendant benefits and

protections that a "classified employee" does not have.

Spalding then filed this action in the Marion Circuit Court seeking a determination that she was/is a "certified employee" within the meaning of KRS Chapter 161 and, as a result, is entitled to a continuing contract under KRS 161.740 and the benefits and protections afforded to "certified employees." Ultimately, both parties filed cross-motions for summary judgment. The trial court granted the Board's motion for summary judgment, denied Spalding's motion and dismissed the complaint. The trial court opined that the record demonstrated the Board properly classified Spalding as a "classified employee," and that her position as Family Literacy Instructor was not one requiring certification. Spalding now appeals.

Our standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR[2] 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 480 (Ky.1991). Summary judgment is proper only when "the movant shows that the adverse party could not prevail under any circumstances." *Id.* Finally, since

---

1. Kentucky Revised Statutes.

2. Kentucky Rules of Civil Procedure.

summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*. *Coomer v. CSX Transp., Inc.,* 319 S.W.3d 366, 370–71 (Ky.2010).

On appeal, Spalding argues that she is a "certified employee" or, alternatively, that the Board is equitably estopped from denying her that status. The Board argues that the position of Family Literacy Instructor did not require certification and therefore Spalding was not a "certified employee." Regarding Spalding's equitable estoppel argument, the Board maintains that, as a governmental entity, it is not subject to equitable estoppel.

With respect to Spalding's employment status, both parties direct our attention to KRS 161.011 and 161.020, the definitional sections of KRS Chapter 161. KRS 161.011(1)(a) defines a "classified employee" as "an employee of a local district who is not required to have certification for his position as provided in KRS 161.020[.]" Further, "[l]ocal school districts shall enter into written contracts with classified employees. Contracts with classified employees shall be renewed annually," with some exceptions, none of which apply here. KRS 161.011(5).

KRS 161.020 provides as follows:

(1) No person shall be eligible to hold the position of superintendent, principal, **teacher,** supervisor, director of pupil personnel, or other public school position for which certificates may be issued, or receive salary for services rendered in the position, unless he or she holds a certificate of legal qualifications for the position, issued by the Education Professional Standards Board.

(2) No person shall enter upon the duties of a position requiring certification qualifications until his or her certificate has been filed or credentials registered with the local district employer.

(3) The validity and terms for the renewal of any certificate shall be determined by the laws and regulations in effect at the time the certificate was issued.

KRS 161.020 (emphasis added).

Spalding does not provide any documentation showing that the position of Family Literacy Instructor requires certification. Instead, Spalding maintains that the position falls under the ambit of "teacher" for purposes of KRS 161.020(1), since her job duties include instruction. "Teacher" is defined as "any person for whom certification is required as a basis for employment in the common schools of the state." KRS 161.155(1) (definition as used in that section). "Teacher" is similarly defined in another section of KRS Chapter 161 as "any person for whom certification is required as a basis of employment in the public schools of the state, with the exception of the superintendent." KRS 161.720(1) (definition for purposes of KRS 161.730 to KRS 161.810).[3] Thus, Spalding

---

3. Spalding directs us to KRS 161.220, the definitional section for Teachers' Retirement, in support of the notion that even if her position did not require certification, the statutory scheme nevertheless intended to include her in the definition of "teacher." KRS 161.220(4) defines "members" for purposes of retirement as "any full-time teacher or professional occupying a position requiring certification *or graduation from a four (4) year*

*college or university,* as a condition of employment, and who is employed by public boards" including local boards of education. KRS 161.220(4)(a) *(emphasis added).* Since Spalding holds a four-year college degree, she contends she is qualified as a "member" who is entitled to the same benefits and protections afforded to teachers. Yet, for statutory construction purposes, "[t]he applicable rule of statutory construction where there is both

asserts her position requires certification because it is a "teaching" position, thereby making her a "certified employee."

Yet, we are not persuaded that the position of Family Literacy Instructor is synonymous with the term "teacher" as defined in statutory school law. According to Spalding's deposition testimony, the position has four components: adult education, children's education, parenting, and parent and child time. Her teaching responsibilities included teaching adult GED skills, teaching parenting classes, and teaching English to adult individuals, as well as to Hispanic families and Japanese families. Spalding's position had numerous other responsibilities, including planning activities, entering data, and creating monthly calendars, newsletters, and fliers advertising monthly events.

Further, in order for Spalding to have held a "teaching" position, the Family Literacy Instructor position must have required the holding of a certificate issued by the Education Professional Standards Board as a mandatory condition precedent to employment. *See* KRS 161.020(1). Spalding has failed to demonstrate that requirement. The fact that Spalding held a certificate issued by the Education Professional Standards Board, and some of her job duties involved instruction, does not make her a "certified employee" for purposes of KRS Chapter 161. In our view, the "Certified Re-employment Application" submitted by Spalding to the Board every year was an annual contract

renewing the next year's employment, done mainly for housekeeping purposes. Accordingly, we hold the trial court did not err by determining as a matter of law that Spalding was a "classified employee."

■■■■ That being said, the record reveals that a genuine issue of material fact exists as to whether the Board's conduct during the course of Spalding's employment led Spalding to reasonably believe that she was/is a "certified employee" and, therefore, the trial court improperly disposed of this claim on summary judgment grounds. Equitable estoppel can be invoked against a governmental entity in unique circumstances; a court must find that exceptional and extraordinary equities are involved to invoke the doctrine. *Sebastian–Voor Properties, LLC v. Lexington–Fayette Urban County Gov't*, 265 S.W.3d 190, 194 (Ky.2008). "Estoppel is a question of fact to be determined by the circumstances of each case." *Id.*

The essential elements of equitable estoppel are[:] (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And,

---

a specific statute and a general statute seemingly applicable to the same subject is that the specific statute controls." *Abel v. Austin*, 411 S.W.3d 728, 738 (Ky.2013). Here, neither the definition of "teacher" nor the definition of "member" is located under the statutory sections addressing certification. With that in mind, we find the more narrow definition of "teacher" preempts the broader definition of "member," for purposes of resolving the issue before us. We further note that in her original appellate brief, Spalding did not raise the issue of the applicability of the definition of "member" to this case. While we were not obligated to address the issue since she first raised it for the first time in her reply brief, we believe the interests of judicial economy would best be served by doing so. *See* CR 76.12(4)(e) (Reply briefs shall be confined to points raised in the briefs to which they are addressed).

broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Id.* at 194–95 (citation omitted).

 In *Bd. of Trs., Kentucky Ret. Sys. v. Grant*, 257 S.W.3d 591 (Ky.App. 2008), this court examined whether equitable estoppel applied against a state agency. One factor weighing in favor of applying equitable estoppel is gross inequities between the parties. *Id.* at 593–94; *City of Shelbyville ex rel. Shelbyville Mun. Water & Sewer Comm'n v. Commonwealth of Kentucky, Natural Res. & Envtl. Prot. Cabinet,* 706 S.W.2d 426, 430 (Ky.App. 1986). Furthermore, our analysis of recent case law reveals a distinction between a state agency's effort to properly and effectively administer statutory and administrative law, as to which equitable estoppel does not apply, and a situation in which the agency has a direct, immediate pecuniary interest in the matter, as to which equitable estoppel may apply. *Compare Sebastian–Voor,* 265 S.W.3d at 195 (holding that "a public officer's failure to correctly administer the law [planning and zoning regulations] does not prevent a

more diligent and efficient officer's proper administration of the law, as [a]n erroneous interpretation of the law will not be perpetuated.... [A] current governmental official is not duty bound to continue the improper acts of predecessors[ ]") (internal quotations and citations omitted), *and Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet,* 689 S.W.2d 14, 20 (Ky.1985) (holding that "[t]he failure of a public officer to correctly administer the law does not prevent a more diligent and efficient public administrator to bring into the revenue proper subjects of taxation. An erroneous interpretation of the law will not be perpetuated[ ]"), *with Weiand v. Bd. of Trs. of Kentucky Ret. Sys.,* 25 S.W.3d 88, 91–92 (Ky.2000) (holding that whether agency was estopped to deny claimant benefits was a question of fact), *Laughead v. Commonwealth, Dep't of Transp., Bureau of Highways,* 657 S.W.2d 228 (Ky.1983) (equitable estoppel held to apply to state agency's failure to negotiate with ferry operator pursuant to statute requiring compensation to operator due to bridge construction within five miles of ferry operation); *and Grant,* 257 S.W.3d at 593–94 (hearing officer required to make finding as to whether equitable estoppel applied to agency's decision regarding claimant's monthly retirement benefit).[4]

We are of the opinion that Spalding's claim falls within the realm of cases such as *Weiand, Laughead* and *Grant.* Based on the record, the Board represented in its minutes that Spalding was a certified employee when she was originally hired; the

---

4. We do not suggest that equitable estoppel only applies when the state or agency has a direct pecuniary interest. It may certainly apply in other situations not directly involving an apparent financial stake for the agency. For example, in *Electric & Water Plant Bd. v. Suburban Acres Dev., Inc.,* 513 S.W.2d 489 (Ky.1974), a city agency was held estopped to deny water service access to subdivision outside city limits based on agency's letter upon which developer relied in securing financial commitments. Conversely, in taxation cases, which by their nature involve the payment of money directly to the government, the rule has long been expressed that equitable estoppel does not apply. *Delta Air Lines, supra; City of Louisville v. Bd. of Educ. of City of Louisville,* 154 Ky. 316, 319, 157 S.W. 379, 380–81 (1913).

Superintendent's annual letters of termination and rehiring contained, in some years, statutory references which were appropriate to a certified teacher position and inappropriate to a classified position; the Board's payroll records contained a salary code for Spalding appropriate to a certified position; and the Board represented Spalding as a certified employee in its grant application for renewing its adult literacy program. The Board, in contrast, points to elements in the record which may argue against equitable estoppel, specifically Spalding's knowledge of her status and the extent to which Spalding relied on the Board's representation of her status. Again, we note that equitable estoppel is a factual determination, which must be made by the appropriate fact-finder in the trial court. *Weiand,* 25 S.W.3d at 91–92. On remand, Spalding is entitled a factual determination as to the applicability of equitable estoppel in this case.

The Marion Circuit Court order is affirmed in part, reversed in part, and this case is remanded for further proceedings.

ALL CONCUR.