# County Board of Education of Jefferson County v. Southern Pacific Company, et al.

(Decided June 27, 1928.)

(As Modified on Denial of Rehearing, October 30, 1928.)

## Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. **Schools and School Districts.**—Acts 1916, c. 24, sec. 77, now Ky. Stats., sec. 4426a-2, providing for division of counties into educational divisions but also providing "that any graded common school districts . . . and school districts now operating within municipal districts . . . and supplementing the state school fund by local tax of not less than twenty cents on each one hundred dollars of assessed valuation of property" shall retain their present boundaries and be exempt from provisions of the act, manifests legislative intent, in view of sections 136 and 165 that all graded common school districts existing in any educational division, whether operating under special charter or established by popular vote, should be exempt from provisions of the act, which exemption extends to any such district that may be established in the future.

2. **Statutes.**—Where provisions of a statute are clear and unambiguous, court must construe it in accordance with intent as expressed by the Legislature, which intent must be gathered from the act itself.

JOHN L. WOODBURY, E. H. RAY and BRUCE & BULLITT for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and WOODWARD, WARFIELD & HOBSON for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, county board of education of Jefferson county, instituted this action, the chief aim of which was to recover from appellee Southern Pacific Company $206,-160.73 and interest. The right to do so was predicated upon the fact that in certain years the board of trustees of appellee, Anchorage graded common school district No. 67 of Jefferson county, Ky., levied taxes for school purposes at a rate less than 20 cents on each $100 worth of taxable property in the district and appellant's contention that it thereby lost its identity as a graded common school district. The home office of the Southern

Pacific Company is in that district. The amount sought to be recovered is the difference between the taxes paid by it computed at the rate levied by the graded common school district and such taxes computed at the rate levied by appellant, county board of education, for the years in question. Appellant concedes that its right to the relief sought depends upon this court adopting its views as to the proper construction of the following portion of section 77 of chapter 24, Acts of 1916, now section 4426a2, Kentucky Statutes, reading:

"Provided, that any graded common school districts that may exist in any educational division or that may hereafter be established according to law, whether operating under special charter or established by popular vote, as provided for in the laws relating to the graded common schools, and school districts now operating within municipal districts established and corporated under special charter and supplementing the state school fund by local tax of not less than twenty cents (20c) on each one hundred dollars ($100.00) of assessed valuation of property, shall retain their present boundaries and be exempt from the provisions of this act."

This proviso is contained within the section of the act requiring the county superintendent of schools, the county judge, and the county attorney of each county of the commonwealth to meet and lay off into educational divisions and school subdistricts the territory within their counties to the end that the common school system of the state might be administered; and it exempts from inclusion within such educational divisions and school subdistricts, the territory lying within the boundaries of certain graded common school districts and certain municipal school districts. The controversy arises out of the application of the words, "and supplementing the state school fund by local tax of not less than 20 cents on each $100.00 of assessed valuation of property," found therein.

Appellant contends that no graded common school district then existing or that might thereafter be established, whether operating under special charter or established by popular vote, was exempted from the provisions of that section of the act, unless it supplemented the state school fund by a local tax of not less than 20 cents. Appellees contend, and the chancellor adjudged, that two

classes of schools and school districts were exempted by the quoted proviso from the operation of that section of the act: First, any graded common school districts then existing or that might thereafter be established, whether operating under special charters or established by popular vote; and, second, school districts then operating within municipal districts established and corporated under special charter and supplementing the state school fund by local tax of not less than 20 cents on each $100 of assessed valuation of property.

Counsel for appellant concede that the language of the exempting proviso, especially when considered with reference to the punctuation used, is susceptible of the construction placed upon it by the chancellor. The chief argument is that his conclusion is out of harmony with the evident purpose of the Legislature when the language of this proviso is considered in connection with the remainder of the act. The following quoted from the brief for appellant will illustrate the trend of their argument:

"When the act of 1916, as recited in this title, deliberately abandoned the old system of the local district' as the unit in school administration, and adopted the 'county' as the unit of school administration, it intended thereby to create, as it expressly declared, a 'uniform system of common schools' 'throughout' the state. It desired to eliminate, as far as possible, any special and unequal situation within a county. Its object was to make the county the uniform unit of education and fiscal administration. It recognized that it would be unwise to limit thickly populated cities to that character of education which might satisfy the requirements of the sparsely settled country communities. Consequently, it exempted cities maintaining their own system of public schools from the provisions as to the country 'school districts.' But, with that exception, it was intended that there should be a uniform system of common schools throughout the balance of each county. It, however, took into consideration that there might be some parts of counties in which there was sufficient population and wealth and inclination for better educational facilities to justify such limited portions in taxing themselves more heavily than would be desirable for the balance of the county. It therefore provided that by popular election 'graded common school districts' might be established which

would tax themselves and be independent of the taxation for the balance of the school district of the county (Acts 1916, pp. 235-249; Ky. Stats., secs. 4464-4480b3). It also recognized that there already might be in existence certain 'graded common school districts,' and also some 'special charter' school districts which it would be unwise to disturb.

"The meaning of the proviso now in controversy was to permit certain 'graded common school districts,' as well as certain 'special charter' school districts, to retain their identity, and be exempt from the general provisions of the act. But it was the intention of the Legislature that either character of district which wanted thus to be exempted from the general law, must levy upon itself a local tax of at least 20 cents per $100. In other words, if a particular 'graded common school district,' or a school district operating within some municipal district created by 'special charter,' desired to have exceptional treatment and retain its then present boundaries and be exempt from the act, it must be willing to tax itself at least a reasonable minimum, to-wit, 20 cents per $100."

Where the provisions of a statute are clear and unambiguous, this court must construe it in accordance with the intent as expressed by the Legislature, and that intent must be gathered from the act itself. We cannot resort to outside matters, unless there is some ambiguity in the act itself. Taking into consideration the language used in the proviso of the act quoted in this opinion, we are not at liberty to uphold the contention of appellant in the case. There was exempted from the provisions of the act "Any graded common school districts that may exist in any educational division or that may hereafter be established according to law, whether operating under special charter or established by popular vote, as provided for in the laws relating to the graded common schools." That provision exempts all graded common school districts, and there is another exemption immediately following the language above quoted which is:

"And school districts now operating within municipal districts established and corporated under special charter and supplementing the state school fund by local tax of not less than twenty cents (20c)

on each one hundred ($100) of assessed valuation of property.''

The plain meaning of the act is that it exempted all graded common school districts which at the time existed in any educational division, whether operating under special charter or established by popular vote, and the exemption extended to any such district that might be established in the future. In addition the act exempted all districts operating within municipal districts established under special charter when such district supplemented the school fund by a local tax of not less than 20 cents on the $100 of assessed valuation of property in the district. We do not find that these provisions of the act are ambiguous, and the lower court did not err in so holding.

Judgment affirmed.

Whole court sitting.