GRIDER HILL DOCK, INC., et al.,
Appellants,

v.

Lola Gay SLOAN, Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1969.

Viley O. Blackburn, Smith & Blackburn, Somerset, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellants.

John A. Sloan, Albany, E. G. Bertram, Jr., Bertram & Bertram, Monticello, for appellee.

DAVIS, Commissioner.

The Workmen's Compensation Board denied the claim of Lola Gay Sloan, predicated upon the death of her husband, Bruce Sloan, on the ground that the decedent was not acting within the course or scope of his employment when he was accidentally killed. On her appeal to the circuit court the Board's decision was reversed. The employer has appealed, asserting that the circuit court erred in overturning the Board's order.

The issue is whether the evidence offered for the claimant was so conclusive as to require a finding in her behalf.

Bruce Sloan was president and active manager of Grider Hill Dock, a corporation.

His son, Tony, was an employee and stockholder of the corporation, too, although he was engaged as a school teacher on the day of the accident.

On the wintry day of the fatal accident, Tony was driving a car owned by Grider Hill Dock. The decedent and two other members of the Sloan family were in the car, which skidded off the slick highway, fatally injuring Bruce Sloan.

Tony testified that his father's purpose in making the trip was to negotiate a bank loan for the benefit of Grider Hill Dock, Inc. Tony said that he had heard Bruce discuss an appointment with some directors of a bank in Albany. None of the directors testified.

The employer presented evidence reflecting that Tony had made a written statement to an adjuster of a liability insurance company, incident to a common-law suit for damages for the wrongful death of Bruce. In that statement he said, in part:

> "I was teaching school at the time and on this particular morning I was supposed to have been at school at 8:00 a. m. My nephew was riding into school with me and my sister-in-law, Mrs. Ned Sloan, was coming in to work. I asked my dad if he wanted to ride in with me and he decided to come along to town."

Apart from that statement made by Tony to the adjuster, there was no proof disputing Tony's testimony that his father was on company business when he met his death. Was the Board compelled to accept the otherwise uncontradicted testimony of Tony?

■ In Bullock v. Gay, 296 Ky. 489, 177 S.W.2d 883, it was said:

> "The general rule in respect to the weight to be accorded uncontradicted testimony is: If the witness is disinterested, and in no way discredited by other evidence, and the testimony is as to a fact not improbable or in conflict with other evidence, and is within his

own knowledge, such fact may be taken as conclusive. But such rule does not necessarily apply, if the uncontradicted evidence is given by interested witnesses." Id. 177 S.W.2d 885.

In Bullock the court referred to a number of instances in which *uncontradicted* evidence may not be so conclusive as to *require* the fact finder to accept it. One of those instances is found when the witness is an *interested* witness. Tony Sloan, whose mother is the claimant and whose father was killed, was an interested witness within the rationale of the rule under consideration. Other authorities which support the premise that a fact finder is not *required* to accept even the uncontradicted evidence of an interested witness include: Hoover Motor Express Company v. Edwards, Ky., 277 S.W.2d 475; Corbin's Ex'rs v. Corbin, 302 Ky. 208, 194 S.W.2d 65; Elizabethtown Lincoln-Mercury v. Tucker, Ky., 240 S.W.2d 847; 53 Am.Jur., Trial, Sections 367–368.

Whether the prior statement of Tony Sloan was inconsistent with his testimony is argued by appellee. We can perceive some inconsistencies—for example, Tony's testimony that his father had made a previous specific appointment to meet the bank directors is hardly consistent with his statement that "I asked my dad if he wanted to ride in with me and he decided to come along to town." The decision "to come along to town" sounds as if it had been made then and there and refutes the idea that a well-laid plan had been formulated.

■ In light of Jett v. Commonwealth, Ky., 436 S.W.2d 788, the out-of-court statement of Tony was admissible as substantive evidence. It is not argued here that procedural failure to lay a foundation as required by CR 43.08 affects the question.

■ Since the Board was not required to accept Tony's evidence as conclusive, it had the prerogative as fact finder to re-

main unpersuaded that the claimant had sustained her burden of persuasion. Lee v. International Harvester Company, Ky., 373 S.W.2d 418. It follows that the circuit court erred in reversing the Board's finding.

The judgment is reversed with directions to enter a new judgment affirming the findings of the Board.

All concur except NEIKIRK, J., who was not sitting.