Rickie AKERS Appellant,

v.

PIKE COUNTY BOARD OF EDU-
CATION; Hon. Richard Joiner, Ad-
ministrative Law Judge; and Work-
ers' Compensation Board Appellees.

No. 2004–SC–0631–WC.

Supreme Court of Kentucky.

June 16, 2005.

Ordered Published Aug. 25, 2005.

Miller Kent Carter, Pikeville, KY, for Appellant.

Terri Smith Walters, Jones & Walters, PLLC, Pikeville, KY, for Appellee.

## OPINION OF THE COURT

The claimant filed an application for benefits more than four years after the termination of voluntary income benefits following his injury. An Administrative Law Judge (ALJ) noted the claimant's credible testimony that he did not receive a letter informing him of his right to prosecute a claim or of the applicable statute of limitations but determined that the employer and Department of Workers' Claims had complied with KRS 342.040(1); therefore, the claim must be dismissed. The claimant appealed, but the Workers' Compensation Board (Board) and the Court of Appeals rejected arguments that KRS 342.135 required the Department to use registered mail and that the evidence was insufficient to prove it had complied with KRS 342.040(1). We affirm.

■ It is undisputed that the claimant sustained a work-related injury on August 18, 1998, and gave timely notice. It is also undisputed that the employer paid voluntary temporary total disability (TTD) benefits until October 11, 1998, and then notified the Department of Workers' Claims that they were terminated. Finally, it is undisputed that the claimant's mailing address at all relevant times was: 311 Harolds Branch, Pikeville, KY 41501. The record contains a certified copy of the October 16, 1998, letter from the Department's commissioner to the claimant at that same address, informing him of his right to prosecute a claim under Chapter 342 within two years after the termination date. He filed an application for benefits on December 11, 2002, more than four years later; whereupon, the employer raised a limitations defense.

The claim was bifurcated. At the hearing regarding limitations, the claimant was shown a copy of the Department's October 16, 1998, letter. He testified that he had never received it. On cross-examination, he acknowledged that it was addressed correctly.

KRS 342.040(1) places certain obligations on the Department when it is notified that a worker's income benefits have been terminated. The employer deposed Joe Dale Peters, who had been the individual responsible for processing the Department's "statute letters" electronically and mailing them since 1995. He identified a copy of the October 16, 1998, letter the Department sent to the claimant and testified that the Department sends "statute letters" (also known as WC–3 letters) by regular mail rather than by registered mail. He stated that letters are occasionally returned to the Department as undeliverable. When that occurs, the procedure is to record the date the letter is received on the letter, itself, and to do additional research in an attempt to find a more current address to send the letter. If none is found, the letter is placed in the case file. Peters testified that he had reviewed the claimant's file and that it contained no returned letter. He acknowledged that he had no way to know if a "statute letter" was delivered to an incorrect address.

The claimant asserted that the employer failed to meet its burden of proving that both it and the Department had complied with KRS 342.040(1). He maintained that KRS 342.135 required the Department to send its letter via registered mail, that it had failed to do so, and that the proof was inadequate to show the Department actually mailed the letter that KRS 342.040(1) requires, to show that it was delivered to

him, or to show that he received it. The employer maintained that it fully complied with its obligations under Chapter 342 and the applicable regulations. It also asserted that KRS 342.135 was inapplicable to the Department's obligation under KRS 342.040(1) and that there was substantial evidence the Department complied with its obligation.

The ALJ determined that both the employer and the Department complied with their obligations under KRS 342.040(1). Although noting the claimant's credible testimony that he did not receive the Department's letter, the ALJ was convinced that statute did not provide for such evidence to toll the period of limitations and that to do so would open the door to false testimony that would, for the most part, be irrefutable. The ALJ concluded, therefore, that the claim was untimely and must be dismissed.

KRS 342.040(1) provides, in pertinent part, as follows:

(1) Except as provided in KRS 342.020, no income benefits shall be payable for the first seven (7) days of disability unless disability continues for a period of more than two (2) weeks, in which case income benefits shall be allowed from the first day of disability.... If the employer's insurance carrier or other party responsible for the payment of workers' compensation benefits should terminate or fail to make payments when due, that party shall notify the commissioner of the termination or failure to make payments and *the commissioner shall, in writing, advise the employee or known dependent of right to prosecute a claim under this chapter.* (emphasis added).

KRS 342.135 provides as follows:

Any notice required to be given under this chapter shall be considered property given and served when deposited in the mail in a registered letter or package properly stamped and addressed to the person to whom notice is to be given at his last known address and in time to reach him in due time to act thereon. Notice may also be given and served like notice in civil actions. Any notice given and served as provided in this section to the consular representative of the nation of which any nonresident dependent of a deceased employee is a citizen or subject, or to the authorized agent or representative of any such official residing in this state, shall be deemed to have been properly given and served upon such dependent.

KRS 342.135 describes two methods for giving "notice" under Chapter 342, the first of which is by registered mail. It also indicates that notice may be given and served like notice in a civil action, presumably referring to service of notice under CR 5.02. The word "notice" is a legal term of art. *See Black's Law Dictionary* 1087 (7th ed.1999). KRS 342.040(1) requires an employer to "notify" the commissioner of the termination or refusal to pay income benefits. It requires the commissioner to "advise" the worker of the right to prosecute a claim. We presume that the legislature had a reason for its choice of words. *See* KRS 446.080(4). Therefore, we conclude that KRS 342.135 is inapplicable to the Department's obligation under KRS 342.040(1).

■ KRS 342.040(1) places an affirmative duty on an employer to notify the Department of its refusal to pay TTD benefits after a worker misses more than seven days of work due to a work-related injury. It places on the Department an obligation to advise the worker of the right to file a claim and the applicable period of limitations. KRS 342.990 provides both civil and criminal penalties for a failure to

comply with KRS 342.040, but neither it nor any other statute provides a remedy for workers whose rights are affected by the failure to comply. Hence, the courts have turned to equitable principles in order to protect them. *See Newberg v. Hudson*, 838 S.W.2d 384, 389 (Ky.1992). Absent extraordinary circumstances such as were present in *Newberg v. Hudson, supra*, an employer's failure to strictly comply with KRS 342.040(1) estops it from raising a limitations defense, without regard to whether the failure is attributable to bad faith or misconduct. The rationale is that if the Department does not receive an employer's notice of termination or refusal, it cannot perform its obligation to the affected worker. *See H.E. Neumann Co. v. Lee*, 975 S.W.2d 917, 921 (Ky.1998); *Colt Management Co. v. Carter*, 907 S.W.2d 169 (Ky.App.1995); and *Ingersoll–Rand Co. v. Whittaker*, 883 S.W.2d 514 (Ky.App.1994).

Under the doctrine of equitable estoppel, certain conduct by a party is viewed as being so offensive that it precludes the party from later asserting a claim or defense that would otherwise be meritorious. *See McDonald v. Burke*, 288 S.W.2d 363 (Ky.1956); *P.V. & K. Coal Co. v. Kelly*, 301 Ky. 180, 191 S.W.2d 231 (1945). In other words, it serves to offset the benefit that the offending party would otherwise derive from the conduct. *See Edmondson v. Pennsylvania National Mutual Casualty Insurance Co.*, 781 S.W.2d 753, 755 (Ky.1989). An equitable estoppel is permitted when the estopped party is aware of material facts that are unknown to the other party and then engages in conduct, such as acts, language, or silence, amounting to a representation or concealment of the material facts. The conduct is performed with the intention or expectation that the other party will rely upon it, and the other party does so to his detriment. *See Howard v. Motorists Mutual Insurance Co.*, 955 S.W.2d 525 (Ky. 1997); *Gray v. Jackson Purchase Production Credit Association*, 691 S.W.2d 904 (Ky.App.1985).

It is undisputed that the employer complied with KRS 342.040(1), and Mr. Peters' testimony together with the certified copy of the Department's October 16, 1998, letter provided substantial evidence that the Department also complied with the statute. Although the claimant stated that he did not receive the Department's letter, his testimony did not compel a favorable result. *Grider Hill Dock v. Sloan*, 448 S.W.2d 373 (Ky.1969). The circumstances were not such as to warrant an equitable remedy; therefore, the ALJ did not err in dismissing the claim as untimely.

The decision of the Court of Appeals is affirmed.

All concur.