RENDERED: JUNE 11, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0833-MR

RICCO POWELL                                            APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM JEFFERSON CIRCUIT COURT<br>HONORABLE ANNIE O'CONNELL, JUDGE<br>ACTION NO. 20-CI-000758 |

KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION;
KENTUCKY DIVISION OF
UNEMPLOYMENT INSURANCE
APPEALS BRANCH; KENTUCKY
UNEMPLOYMENT INSURANCE
COMMISSION CABINET FOR
WORKFORCE DEVELOPMENT;
AND ZENITH LOGISTICS, INC.                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND K. THOMPSON, JUDGES.

KRAMER, JUDGE: Ricco Powell appeals from an order of the Jefferson Circuit

Court dismissing his appeal from the Kentucky Unemployment Insurance

Commission's ("KUIC") order denying unemployment benefits to Powell following his termination of employment from Zenith Logistics, Inc. We affirm the Jefferson Circuit Court.

Powell filed for unemployment insurance in August 2019. The Office of Unemployment Insurance determined Powell was not entitled to receive benefits because he was terminated from Zenith Logistics, Inc. for reasons other than a lack of work. Powell, who remained *pro se* throughout all of the administrative proceedings, appealed to an unemployment insurance referee. An evidentiary hearing was conducted, and the referee affirmed the decision. Powell then appealed to KUIC. On December 11, 2019, KUIC issued an order affirming the referee decision. A section entitled "APPEAL RIGHTS" was at the end of the decision and stated:

> An order of [KUIC] may, within twenty (20) days of the mailing date of the order, be appealed, to the appropriate Circuit Court, under the provisions of KRS[1] 341.450(1), which provides
>
> "(1) Except as provided in KRS 341.460, within twenty (20) days after the date of the decision of [KUIC], any party aggrieved thereby may, after exhausting his remedies before [KUIC], secure judicial review thereof by filing a complaint against [KUIC] in the Circuit Court of the county in which the claimant was last employed by a subject employer whose reserve account is affected by such claims. Any other party to the proceeding before [KUIC] shall be made a defendant in such action. The

---

[1] Kentucky Revised Statute.

complaint shall state fully the grounds upon which review is sought, assign all errors relied on, and shall be verified by the plaintiff or his attorney.  The plaintiff shall furnish copies thereof for each defendant to [KUIC], which shall deliver one (1) copy to each defendant."

If benefits are denied by this Order, and further appeal in Circuit Court is initiated, claimants should continue to report to the local office and claim benefits.

The record before us indicates that Powell filed a letter with KUIC expressing his desire to appeal the decision.  KUIC interpreted the letter as requests for rehearing and reconsideration, and both requests were denied by order dated January 8, 2020.  Importantly, the order contained the same "APPEAL RIGHTS" section at the end, advising Powell of the twenty (20) day time frame in which to appeal to the circuit court.

Powell filed a *pro se* complaint in the Jefferson Circuit Court on January 29, 2020.  This was one day past the deadline provided to Powell in the January 8 order and pursuant to KRS 341.450(1).  KUIC did not file an answer, but rather, filed a motion to dismiss the complaint arguing the circuit court lacked jurisdiction because Powell failed to verify the complaint and failed to timely file same.  Powell filed a *pro se* motion in which he asserted the complaint was both verified and timely filed.  The circuit court heard both motions on March 2, 2020, and informed the parties a decision would be entered in fourteen (14) days unless either had anything else they wished to submit.  The record shows that Powell filed

a series of emails on March 9, 2020. These were not part of any motion or memorandum, nor was there any certification indicating Powell sent a copy to KUIC.[2] On May 27, 2020, the circuit court entered an order dismissing the complaint due to Powell's failure to file within twenty (20) days of the January 8, 2020 order.[3] Powell filed a motion "to check the status of my case" which was set for hearing on June 8, 2020. There is no indication in the record before us that a copy of the motion was sent to KUIC. On June 8, 2020, Powell appeared before the circuit court and was informed an order had been entered, but apparently it was sent to an incorrect address for Powell. On June 11, 2020, Powell filed a *pro se* motion to reconsider the dismissal and submitted an "order to reconsideration." There is no indication in the record before us that a copy of the motion was sent to KUIC and, indeed, KUIC now argues that it did not receive a copy of the motion. The circuit court heard the motion on June 22, 2020, and Powell had retained counsel at that time. Counsel stated briefly and summarily that he believed Powell had an equitable estoppel argument. His statement to the court went no further than this; he offered nothing in support of the statement; he did not file a written motion regarding such; and, he did not seek a ruling on the matter. KUIC did not

---

[2] KUIC asserts in its brief to this Court that it did not receive a copy of the emails from Powell.

[3] The circuit court did not address whether the complaint was properly verified.

appear at the hearing. The circuit court summarily denied Powell's motion for reconsideration. This appeal followed.

The circuit court dismissed Powell's complaint due to lack of jurisdiction. Whether a court is acting outside of its jurisdiction is a question of law that is reviewed *de novo. Hisle v. Lexington-Fayette Urban County Government*, 258 S.W.3d 422, 428 (Ky. App. 2008) (citation omitted).

Neither party disputes that KRS 341.450(1) is controlling regarding the requirements of appealing an order of KUIC. The statute provides, in relevant part, that "*within twenty (20) days after the date of the decision* of [KUIC], any party aggrieved thereby may, after exhausting his remedies before [KUIC], secure judicial review thereof by filing a complaint against [KUIC] in the Circuit Court . . . ." (Emphasis added.) Powell does not dispute that he received two orders from KUIC informing him of his appeal rights and the twenty (20) day deadline to file in circuit court.

"It is a firmly rooted concept of law in this state that the courts have no jurisdiction over an appeal from an administrative agency action *unless every statutory precondition is satisfied.*" *Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826, 831 (Ky. 2012) (footnote omitted) (emphasis added). Moreover,

> [t]here is no appeal to the courts from an action of an administrative agency as a matter of right. When grace

to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy. *Kentucky Utilities Co. v. Farmers Rural Electric Cooperative Corporation*, Ky., 361 S.W.2d 300 (1962); *Roberts v. Watts*, Ky., 258 S.W.2d 513 (1953) . . . .

*Kentucky Unemployment Ins. Comm'n v. Carter*, 689 S.W.2d 360, 362 (Ky. 1985).

The circuit court incorporated this legal precedent in its decision to dismiss Powell's complaint due to failure to file it within the prescribed statutory period. It is uncontroverted that Powell failed to file within the twenty (20) day time frame provided by KRS 341.450(1). Accordingly, we discern no error.

Powell does not dispute that he did not timely file his complaint in the circuit court; however, he now attempts to blame KUIC for his failure to do so – an argument that appears for the first time before this Court. Powell essentially argues before us that he was misled by a representative of KUIC, who he claims made confusing and contradictory statements regarding when Powell was required to file his appeal in circuit court. He contends that he relied on those statements to his detriment, which was why his complaint was filed late. Powell asserts that equitable estoppel should apply. We disagree.

Briefly,

[u]nder the doctrine of equitable estoppel, certain conduct by a party is viewed as being so offensive that it

-6-

precludes the party from later asserting a claim or defense that would otherwise be meritorious. *See McDonald v. Burke*, 288 S.W.2d 363 (Ky. 1956); *P.V. & K. Coal Co. v. Kelly*, 301 Ky. 180, 191 S.W.2d 231 (1945). In other words, it serves to offset the benefit that the offending party would otherwise derive from the conduct. *See Edmondson v. Pennsylvania National Mutual Casualty Insurance Co.*, 781 S.W.2d 753, 755 (Ky. 1989). An equitable estoppel is permitted when the estopped party is aware of material facts that are unknown to the other party and then engages in conduct, such as acts, language, or silence, amounting to a representation or concealment of the material facts. The conduct is performed with the intention or expectation that the other party will rely upon it, and the other party does so to his detriment. *See Howard v. Motorists Mutual Insurance Co.*, 955 S.W.2d 525 (Ky. 1997); *Gray v. Jackson Purchase Production Credit Association*, 691 S.W.2d 904 (Ky. App. 1985).

*Akers v. Pike County Bd. of Educ.*, 171 S.W.3d 740, 743 (Ky. 2005).[4]

Powell's equitable estoppel argument must fail because he raises it for the first time to this Court. Powell did not bring it to the attention of the circuit court prior to dismissal of his case. It was not part of his complaint. The emails he now contends contain the misleading statements as the basis for his equitable estoppel claim were filed in the circuit court without any frame of reference or explanation such as an accompanying motion or memorandum, and copies of the

---

[4] Further, a governmental entity such as KUIC may be subject to equitable estoppel only "in unique circumstances where the court finds exceptional and extraordinary equities involved." *Weiand v. Board of Trustees of Kentucky Ret. Sys.*, 25 S.W.3d 88, 91 (Ky. 2000) (citations omitted).

emails were not provided to KUIC. Therefore, the circuit court did not rule on the issue of equitable estoppel. As a result, we are without authority to make such a ruling on appeal. "An appellate court is without authority to review issues not raised in or decided by the trial court." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) (internal quotation marks and citation omitted). As previously noted herein, counsel mentioned equitable estoppel very briefly to the circuit court on June 22, 2020, without any further explanation or argument. However, KUIC was not present at the hearing because it did not receive a copy of the motion or notice of the hearing.[5, 6] The circuit court denied Powell's motion to reconsider without making further findings of fact or conclusions of law. Because the circuit court did not rule on the issue of equitable estoppel, we are without authority to review it now.

Accordingly, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

---

[5] We agree with KUIC that it was deprived of due process to address any possible argument Powell had regarding equitable estoppel. *See Storm v. Mullins*, 199 S.W.3d 156, 162 (Ky. 2006) ("[N]otice and opportunity to be heard are the basic requirements of due process.").

[6] Without any basis in law, Powell now argues that his failure to serve any documents on KUIC can essentially be cured if this Court remands the action for a hearing regarding equitable estoppel. He argues that remand "will afford all the litigants to this action the process they are due." *See* page 5 of Powell's reply brief. He does not address his failure to serve the documents prior to the hearing before the circuit court nor prior to this appeal.

BRIEFS FOR APPELLANT:

Peter J. Jannace
Louisville, Kentucky

BRIEF FOR APPELLEE
KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION:

Joshua R. Hurley
Frankfort, Kentucky