RENDERED: JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0351-WC

AMY ARNDT												APPELLANT

v.							PETITION FOR REVIEW OF A DECISION
						OF THE WORKERS' COMPENSATION BOARD
							ACTION NO. WC-19-95877

JEFFERSON COUNTY PUBLIC
SCHOOLS; HONORABLE
STEPHANIE KINNEY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD												APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE: Amy Arndt appeals from an opinion of the

Workers' Compensation Board, which affirmed an order dismissing her benefits

claim due to the running of a statute of limitations. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

The facts surrounding Appellant's injuries are not particularly relevant to this case as it deals solely with an issue of law. Suffice it to say that Appellant suffered a work-related injury on January 24, 2019. Appellant was paid temporary total disability (TTD) benefits through July 21, 2019. On July 21, 2022, three years after the end of TTD benefits, Appellant filed the appropriate forms to seek workers' compensation benefits.

On August 8, 2022, Appellant's employer, Jefferson County Public Schools (hereinafter referred to as JCPS), filed a motion to dismiss in which it argued that Appellant's claim was barred by the two-year statute of limitations found in Kentucky Revised Statutes (KRS) 342.185(1). The administrative law judge granted the motion citing *Akers v. Pike County Board of Education*, 171 S.W.3d 740 (Ky. 2005). The Workers' Compensation Board (hereinafter referred to as Board) agreed with the order and this appeal followed.

## ANALYSIS

"The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). The issue raised in

this case concerns matters of law and statutory interpretation; therefore, we review *de novo*. *Auslander Properties, LLC v. Nalley*, 558 S.W.3d 457, 464 (Ky. 2018); *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003).

The statute of limitations in this case states that a claimant must file for benefits within two years after TTD benefits end. KRS 342.185(1). Also relevant to this case is KRS 342.040(1), which states in relevant part:

> If the employer's insurance carrier or other party responsible for the payment of workers' compensation benefits should terminate or fail to make payments when due, that party shall notify the commissioner of the termination or failure to make payments and the commissioner shall, in writing, advise the employee or known dependent of right to prosecute a claim under this chapter.

In the case at hand, JCPS moved to dismiss Appellant's benefits claim because it was filed three years after the termination of her TTD benefits. This does indeed run afoul of the relevant statute of limitations. Appellant argues that she does not recall receiving the statutory letter discussed in KRS 342.040(1); therefore, the statute of limitations should not apply unless she received the letter.

*Akers*, *supra*, is determinative of this case. In *Akers*, the Kentucky Supreme Court held that as long as the commissioner of the Department of Workers' Claims mails the required letter to the proper address, a claimant cannot refute that fact by arguing he or she never received it. *Akers*, 171 S.W.3d at 743. Here, the evidence in the record indicates that Appellant was sent the statutorily

required letter to her correct address on August 6, 2019. Appellant does not claim that the letter was not sent and provides no evidence to suggest as much. She testified that she simply did not remember if she received the letter in 2019. *Akers* indicates that this is insufficient to toll the statute of limitations in this case.

## **CONCLUSION**

Based on the foregoing, we affirm the opinion and order of the Board.

ALL CONCUR.

BRIEF FOR APPELLANT:

Wayne C. Daub
Louisville, Kentucky

BRIEF FOR APPELLEE
JEFFERSON COUNTY PUBLIC
SCHOOLS:

Douglas A. U'Sellis
Louisville, Kentucky