# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: JUNE 13, 2024
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0377-WC

AMY ARNDT                                                    APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2023-CA-0351
WORKERS' COMPENSATION BOARD
NO. WC-19-95877

JEFFERSON COUNTY PUBLIC                               APPELLEES
SCHOOLS; HONORABLE STEPHANIE
KINNEY, ADMINISTRATIVE LAW
JUDGE; AND WORKERS'
COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Amy Arndt filed an application for workers' compensation benefits more than two years after her voluntary income benefits were terminated following her work-related injury. Her employer, Jefferson County Public Schools (JCPS) moved to dismiss citing the statute of limitations found in Kentucky Revised Statutes (KRS) 342.185(1). The Administrative Law Judge (ALJ) found proof that JCPS had informed the Kentucky Department of Workers' Claims (DWC) that Arndt's temporary total disability (TTD) payments had ceased, and in turn, Arndt was informed by a letter from DWC, sent pursuant to KRS 342.040(1), of her rights to make a claim within the two-year statute of limitations period and

dismissed her claim. Arndt appealed, but the Workers' Compensation Board (Board) and the Court of Appeals rejected her arguments that our decision in *Akers v. Pike Cnty. Bd. of Educ.*, 171 S.W.3d 740, (Ky. 2005), was either not applicable or should be overruled. Finding no merit in Arndt's arguments and determining that our decision in *Akers* remains a sound and proper interpretation of our statutes, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Arndt started working for JCPS as a band teacher in 2006. On January 24, 2019, she and a passenger were on Interstate 65 in Bullitt County driving to a band event when her vehicle was struck from behind. Following the accident, Arndt was transported to Jewish Hospital in Louisville where she was treated and released. Three days later, she went to Norton Brownsboro Hospital's emergency room complaining of confusion and balance issues. Thereafter, she was treated by neurologist Dr. Cameron Luo who prescribed medications together with physical, occupational, and cognitive therapy. Arndt also saw an otolaryngologist (A/K/A an ear, nose, and throat doctor (ENT)) Dr. Brian Hawkins for problems with dizziness and nausea. Arndt underwent neuropsychological evaluation at Frazier Rehab, and she was prescribed prism eyeglasses. Arndt was also treated at Norton Neurology Services in December 2020.

Arndt received TTD benefits through July 21, 2019. By letter dated August 6, 2019 (a "WC-3 Letter"), addressed to Arndt, the DWC informed Arndt in relevant part:

2

The Department of Workers' Claims has received notice from your employer's workers' compensation claims administrator that income benefits being paid to you as a result of a worker-related injury or disease were terminated as of the above date ["Termination Date: July 21, 2019"]. Any medical bills that you incur for necessary treatment of this injury or disease should still be forwarded to the claims administrator.

You may request additional benefits that may be legally appropriate by filing an "Application for Resolution of Claim" with the Department of Workers' Claims. This "application" must be filed within two years after the date your injury occurred or within two years after the last voluntary payment of income benefits to you, whichever event last occurs.

If an "Application for Resolution of Claim" is not filed within the two year time period, any claim for workers' compensation benefits, income and medical, as a result of this injury or disease will be barred.

The above letter was sent by the DWC via regular mail and while the DWC confirmed the generation of, and mailing of, the letter, there was no proof that Arndt actually received the letter.

That same month, Arndt returned to work in her same position for JCPS at the beginning of the 2019-2020 school year. Arndt would later testify that she has not missed any significant time from work since her return.

In 2021, Arndt filed a personal injury action in Bullitt County against those parties responsible for the auto accident which resulted in her injuries.[1]

---

[1] *Arndt vs. Abilene Motor Express, LLC,* 21-CI-00072. Jefferson County Public Schools subsequently intervened in the action seeking subrogation for the sums it paid or would pay for workers' compensation benefits to Arndt. On January 24, 2024, following a comprehensive settlement entered by Arndt and while this matter stood before the Kentucky Supreme Court, an Agreed Order of Partial Dismissal was entered by the Bullitt Circuit Court dismissing all claims made by Arndt in the action with prejudice.

Arndt did not file a Form 101 "Application for Resolution of a Claim" until July 21, 2022, exactly three years after the termination of her TTD benefits. Arndt testified that she did not recall receiving any correspondence from the Kentucky Department of Workers' Claims after her TTD benefits terminated.

After JCPS moved for dismissal of the claim owing to the statute of limitations, the ALJ issued an Order on November 18, 2022, dismissing Arndt's claim which stated:

> This matter comes before this Administrative Law Judge following the defendant's motion to dismiss the claim. The defendant argues Plaintiff failed to file her claim timely. Plaintiff filed a Form 101 on July 21, 2022, alleging an acute work injury on January 24, 2019. Plaintiff was deposed on October 11, 2022, and she indicated she did not recall receiving a WC-3 letter. However, it appears a WC-3 letter was sent on August 6, 2019. A claimant's statement that he or she did not receive this letter is insufficient to stop the defendant from raising a limitations defense. *Akers v Pike County Board of Education*, 171 S.W.3d 740 (Ky. 2005). As such, the defendant's motion to dismiss will be sustained.

Arndt appealed to the Board which affirmed the ALJ's determination that our opinion in *Akers* was controlling as did the Court of Appeals which found:

> In *Akers*, the Kentucky Supreme Court held that as long as the commissioner of the Department of Workers' Claims mails the required letter to the proper address, a claimant cannot refute that fact by arguing he or she never received it. *Akers*, 171 S.W.3d at 743. Here, the evidence in the record indicates that Appellant was sent the statutorily required letter to her correct address on August 6, 2019. Appellant does not claim that the letter was not sent and provides no evidence to suggest as much. She testified that she simply did not remember if she received the letter in 2019. *Akers* indicates that this is insufficient to toll the statute of limitations in

this case.

*Arndt v. Jefferson Cnty. Pub. Scs.,* No. 2023-CA-0351-WC, 2023 WL 4670965, at *1 (Ky. App. July 21, 2023).

## II. ANALYSIS

"Review by this Court of workers' compensation cases is *de novo.*" *Ford Motor Co. v. Jobe,* 544 S.W.3d 628, 631 (Ky. 2018). "The function of further review of the [Board] . . . is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

The issue raised in this case concerns matters of law and statutory interpretation; therefore, we review *de novo. Auslander Props., LLC v. Nalley*, 558 S.W.3d 457, 464 (Ky. 2018); *Commonwealth v. Long,* 118 S.W.3d 178, 181 (Ky. App. 2003). Whether the statute of limitations in this case found in KRS 342.185(1) warranted dismissal of Arndt's claim despite her position that she had no recollection of receiving notification from the DWC pursuant to KRS 342.040(1), is a question of statutory interpretation.

In construing a statute, it is fundamental that our primary objective is to determine the legislature's intent in enacting the legislation. "To determine legislative intent, we look first to the language of the statute, giving the words their plain and ordinary meaning." *Richardson v. Louisville/Jefferson Cnty. Metro Gov't,* 260 S.W.3d 777, 779 (Ky. 2008). Further, we interpret a "statute

only as written, and the intent of the Legislature must be deduced from the language it used, when it is plain and unambiguous . . . ." *W. Ky. Coal Co. v. Nall & Bailey*, 228 Ky. 76, 14 S.W.2d 400, 401-02 (1929). When a statute is unambiguous, we need not consider extrinsic evidence of legislative intent and public policy. *Cnty. Bd. of Educ. v. S. Pac. Co.*, 225 Ky. 621, 9 S.W.2d 984, 986 (1928).

The relevant portion of KRS 342.185(1) states:

> If payments of income benefits have been made, the filing of an application for adjustment of claim with the department within the period shall not be required, but shall become requisite within two (2) years following the suspension of payments or within two (2) years of the date of the accident, whichever is later.

Arndt's "date of the accident" was on January 24, 2019, meaning that the first relevant date for the deadline of her filing an application would have been January 24, 2021. However, the "later date" of the suspension of her payments, which occurred on July 21, 2019, means that, according to the clear language of this statute, Arndt was required to make her application on July 21, 2021. This statute makes no mention of tolling the statute's described limitation periods for any other events, such as here, correspondence from the DWC. Arndt did not file her application for another year after her limitations period expired.

While KRS 342.185(1) is quite clear that Arndt's application was not timely and therefore subject to dismissal, Arndt argues that our reasoning in *Akers* was flawed. According to Arndt, "[t]here is no statute or regulation that

6

states that the Claimant's testimony that she did not recall receiving a WC-3 is insufficient to stop the Defendant/employer from raising a limitations defense[,]" and "[t]he *Akers* case takes away that option for the Administrative Law [Judge] to make a determination as to whether or not the claim is barred by the statute of limitations which is both a factual and legal issue." Arndt asserts that her claim should be remanded to the ALJ for a specific finding of whether or not she "actually received the termination letter."

The converse is also true though. There is no statutory requirement that the ALJ determine that an applicant actually *received* a WC-3 letter or that a claim would be tolled while the claimant awaited such a letter. KRS 342.040(1) only requires that such a letter be sent. In a matter in which there is no proof whatsoever offered that the DWC did *not* send such a letter, there should be no question that the statute of limitations found in KRS 342.185(1) should be enforced.

The "WC-3 Letter" also often referred to as the "Statute Letter," is the creation of KRS 342.040(1) which states in relevant part:

> If the employer's insurance carrier or other party responsible for the payment of workers' compensation benefits should terminate or fail to make payments when due, that party shall **notify** the commissioner of the termination or failure to make payments and the commissioner shall, **in writing, advise** the employee or known dependent of right to prosecute a claim under this chapter.

(Emphasis added).

In our 2005 *Akers* opinion*, supra,* this Court looked to KRS 342.135 to determine whether or not the DWC was required to "advise" a claimant in a

manner that would prove actual receipt by the claimant. KRS 342.135 stated, and still states:

> Any notice required to be given under this chapter shall be considered property given and served when deposited in the mail in a registered letter or package properly stamped and addressed to the person to whom notice is to be given at his last known address and in time to reach him in due time to act thereon. Notice may also be given and served like notice in civil actions. Any notice given and served as provided in this section to the consular representative of the nation of which any nonresident dependent of a deceased employee is a citizen or subject, or to the authorized agent or representative of any such official residing in this state, shall be deemed to have been properly given and served upon such dependent.

We noted that the statute describes two methods for giving "notice" under Chapter 342, the first being registered mail and the second being that which "may be given and served like notice in a civil action, presumably referring to service of notice under CR 5.02." *Id.* at 742. This Court held that DWC's duty to "advise" a claimant is not legally comparable to a duty to "notify" (such as the employer's duty to notify the DWC) and we stated:

> The word "notice" is a legal term of art. *See Black's Law Dictionary* 1087 (7th ed.1999). KRS 342.040(1) requires an employer to "notify" the commissioner of the termination or refusal to pay income benefits. It requires the commissioner to "advise" the worker of the right to prosecute a claim. We presume that the legislature had a reason for its choice of words. *See* KRS 446.080(4). Therefore, we conclude that KRS 342.135 is inapplicable to the Department's obligation under KRS 342.040(1).

*Akers*, 171 S.W.3d at 742.

8

In the nineteen years since our determination in *Akers*, the legislature has not deemed it necessary to amend KRS 342.040(1) and require the DWC, or an employer, to "notify" a claimant of either the cessations of TPD payments or the statute of limitations—the running of which is otherwise made abundantly clear in KRS 342.185(1). It is axiomatic that all persons are presumed to know the law. *See Oppenheimer v. Commonwealth,* 202 S.W.2d 373, 375 (Ky. 1947) ("Every person is conclusively presumed to know the law").

Here, Arndt was aware—regardless of the actual receipt of a WC-3 Letter—that she had stopped receiving payments from JCPS and is presumed to know the statute of limitations. The cessation of payments to her triggered the running of the statute of limitations found in KRS 342.185(1) and there is nothing in the reading of the KRS 342.040(1) to imply that a claimant who does not receive, or claims to have not received, a WC-3 letter is granted an indefinite tolling of the statute of limitations.

In this case, undisputed proof was given that JCPS properly notified the DWC of the termination of Arndt's payments. Proof was also tendered that the DWC, in writing, advised Arndt of her right to prosecute a claim and advised her of the two-year statute of limitations found in KRS 342.185(1). Once that proof was offered, Arndt provided no evidence that such mailing had not occurred with the exception of her testimony that she did not recall the letter; one which she would have received more than three years earlier. These "facts" were easy to discern and report by the ALJ and constituted substantial evidence supporting the ALJ's determination.

### III. Conclusion

*Akers, supra*, is determinative of this case and we are not persuaded to reverse its conclusions. In *Akers*, we held that as long as the commissioner of the DWC mails the required letter to the proper address, a claimant like Arndt cannot rebut evidence of such letter being sent by simply denying receipt. *Akers*, 171 S.W.3d at 743. There have been no changes in the statutory law since *Akers* and we can discern no proper rationale for allowing claimants to thwart the clear statute of limitations by merely denying, without any other supporting evidence, recalling receipt of a letter. To allow such would upend the very existence of the statute of limitations.

Given these facts, we affirm the Court of Appeals decision affirming the Workers' Compensation Board's dismissal of Arndt's claim.

All sitting. All concur.

COUNSEL FOR APPELLANT,
AMY ARNDT:

Wayne C. Daub


COUNSEL FOR APPELLEE,
JEFFERSON COUNTY PUBLIC SCHOOLS:

Douglas A. U'Sellis
U'Sellis Mayer & Associates


ADMINISTRATIVE LAW JUDGE:

Hon. Stephanie Kinney


WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey
Chairman