**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

January 16, 2025

John A. Sensing, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE 19801

Lisa Zwally, Esquire
Greenberg Traurig, LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

RE: ***Refresco Beverages US Inc. v. Congo Brands Procurement LLC, et al.,***
Civil Action No. 2024-0819-MTZ

Dear Counsel:

In preparing for next week's hearing on the defendants' motion to dismiss, I had cause to consider, as I must, whether this court of equity has subject matter jurisdiction over the plaintiff's claims.[1] The complaint is silent as to subject matter jurisdiction; the supplemental information sheet cites 10 *Del. C.* § 341.[2] A review of the complaint reveals that equitable hook cannot be based on equitable relief, as the plaintiff seeks only damages.[3] Two of its three causes of action are plainly legal: breach of contract and promissory estoppel.[4]

---

[1] *See, e.g.*, *Int'l Bus. Machs. Corp. v. Comdisco, Inc.*, 602 A.2d 74, 77 n.5 (Del. Ch. 1991) ("[U]nlike many jurisdictions, judges in the Delaware Court of Chancery are obligated to decide whether a matter comes within the equitable jurisdiction of this Court regardless of whether the issue has been raised by the parties.").

[2] Docket item ("D.I.") 1.

[3] D.I. 1 at 32.

[4] *Id.* at 25–29; *see AM Gen. Hldgs. LLC v. The Renco Gp., Inc.*, 2016 WL 4440476, at *7 n.61 (Del. Ch. Aug. 22, 2016) ("[C]laims for breach of contract seeking money damages

I am left to conclude the plaintiff is anchoring subject matter jurisdiction in its third count, for equitable estoppel. The defendants sought dismissal of that claim on grounds that under New York law, it is an affirmative defense and not a cause of action.[5] The plaintiff argued Kentucky law applies, and framed it as a cause of action, without any citation for that label.[6]

While I am no expert in Kentucky law, I found published appellate authority stating that in that jurisdiction, equitable estoppel is a defense. *Akers v. Pike County Board of Education* explains, "Under the doctrine of equitable estoppel, certain conduct by a party is viewed as being so offensive that it precludes the party from later asserting a claim or defense that would otherwise be meritorious."[7] Sometimes it works as an affirmative defense for the defendant against the plaintiff. *Cabinet for Health and Family Services v. Batie* states, "Estoppel, like lack of standing, is an

---

are legal claims seeking legal relief."); *Carpenter v. Liberty Mut. Ins. Co.*, 2023 WL 3454692, at *2 (Del. Ch. May 15, 2023) ("A claim for promissory estoppel . . . standing alone–cannot serve as the basis for equitable jurisdiction.").

[5] D.I. 10 at 33–34.

[6] D.I. 11 at 39–40.

[7] 171 S.W.3d 740, 743 (Ky. 2005).

affirmative defense," and proceeds to treat it as such.[8] It quotes Kentucky Supreme Court authority in explaining,

> "Under the doctrine of equitable estoppel, certain conduct by a party is viewed as being so offensive that it precludes the party from later asserting a claim or defense that would otherwise be meritorious." *Akers v. Pike Cty. Bd. of Educ.*, 171 S.W.3d 740, 743 (Ky. 2005). It is a "defensive doctrine founded on the principles of fraud, under which one party is prevented from taking advantage of another party whom it has falsely induced to act in some injurious our [*sic*] detrimental way." *Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581, 594–95 (Ky. 2012).[9]

Other times, equitable estoppel works to bar a defendant's defense.[10] I do not believe equitable estoppel is a claim or cause of action under Kentucky law. The plaintiff makes no argument under New York law. I conclude the plaintiff's third "cause of action" fails to state a claim, and must be dismissed.

It follows that the plaintiff has neither pled an equitable claim nor sought equitable relief. I see no other basis for subject matter jurisdiction under Section

---

[8] 645 S.W.3d 452, 468–69 (Ky. Ct. App. 2022).

[9] *Id.* at 469. Other authority is in accord. *Boone Cnty Sand & Gravel Co., Inc. v. Owen Cnty Rural Elec. Coop. Corp.*, 779 S.W.2d 224 (Ct. App. Ky. 1989) (repeatedly addressing the "defense of equitable estoppel").

[10] *E.g.*, *Williams v. Hawkins,* 594 S.W.3d 189, 193 (Ky. 2020) (explaining equitable estoppel precludes a defendant from asserting a defense due to his own wrongdoing); *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 62–67 (Ky. 2010) (addressing whether equitable estoppel was established, which would have barred a defendant's statute of limitation defense).

341.  What remains of this matter is hereby dismissed subject to transfer under 10 *Del. C.* § 1902.  Next week's hearing is cancelled.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*