HUNTS BRANCH COAL COMPANY, INC., Movant,

v.

Claude S. CANADA and Canada Coal Company, Inc., Respondents.

Supreme Court of Kentucky.

March 11, 1980.

Marrs Allen May, Stratton, May & Hays, Pikeville, for movant.

Jack T. Page, Pikeville, for respondents.

STEPHENS, Justice.

The issue to be decided in this case is whether the trial court and the Court of Appeals properly applied the doctrine of estoppel as the basis for the granting of a motion for summary judgment.

This action was filed in the Pike Circuit Court by Hunts Branch Coal Company, Inc. (hereinafter referred to as Hunts Branch) against Claude Canada and Canada Coal Company, Inc. (Canada Coal). It is alleged that on October 8, 1973, Hunts Branch entered into a written lease with Lawson Branch Coal Company (Lawson Branch). Under the terms of that agreement, Hunts Branch acquired the right to mine coal on a tract of land in Pike County and to use certain coal-loading facilities owned by the C & O Railway Company and leased to Lawson Branch.

Shortly after the lease was signed, Lawson Branch began negotiations for the sale of the coal land and the assignment of its rights to use the coal-loading facility to Canada Coal. The negotiations culminated in a contract of purchase and sale being executed on December 28, 1973. Hunts Branch alleges that although its lease was not recorded, Canada Coal had actual knowledge of the lease prior to execution of the contract. Because Canada Coal would not honor the lease, Hunts Branch seeks damages and injunctive relief.

Canada Coal filed a motion for summary judgment which was granted by the trial court on the theory of estoppel. The court ruled that since Alva Phillips, owner of Lawson Branch, had signed the contract of sale with Canada Coal, he was not "now in a position to repudiate the writing executed by him." The Court of Appeals sustained the action of the trial court solely on the extremely narrow theory of estoppel by deed. The court said that, "Alva Phillips conveyed title to Canada Coal without reservations or exception. We believe that he, and his privies, are now estopped to assert that he conveyed less than complete unimpeded title."

We disagree with both the trial court and the Court of Appeals.

As the basis for sustaining Canada Coal's motion for summary judgment, the circuit court, using a broad brush, applied the doctrine of equitable estoppel. The effect of that ruling was to prevent Hunts Branch from asserting its rights under the lease with Lawson Branch because of the actions of Alva Phillips.

The principles of equitable estoppel are familiar. "[O]ne who knows or should know of a situation or a material fact is precluded from denying it or asserting the contrary where by his words or conduct he has misled or prejudiced another person or induced him to change his position to his detriment." *Old Republic Insurance Co. v. Begley*, Ky., 314 S.W.2d 552, 556 (1958); 28 Am.Jur.2d Estoppel and Waiver, § 35 *et. seq.*

The first element of estoppel, about which this Court has spoken frequently and plainly, is conduct on the part of the party to be estopped "which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to

assert." *Electric & Water Plant Board of City of Frankfort v. Suburban Acres Development, Inc.*, Ky., 513 S.W.2d 489, 491 (1974), quoting 28 Am.Jur.2d Estoppel and Waiver § 35 and *Smith v. Howard*, Ky., 407 S.W.2d 139 (1966). Due to the absence of this element, it is clear that the trial court erred in granting a summary judgment based on estoppel.

■ Alva Phillips, the person estopped by the ruling of the trial court, is not a party to this lawsuit. He is merely a witness whose testimony tends to substantiate the claim of Hunts Branch that Canada Coal did, in fact, have knowledge of the pre-existing lease when it contracted to buy the coal land. Not only does his testimony not fall within the rule of *City of Frankfort*, because it does not constitute a false representation, but his specific disclosure of the existence of the lease removes it from the application of the doctrine of estoppel.

■ Furthermore, Hunts Branch is not in such privity with Alva Phillips that an estoppel against Phillips would be operative against it as well. Hunts Branch made no representations to Canada Coal whatsoever and was in no way involved in the negotiations which led to the contract between Canada Coal and Lawson Branch. Thus, estoppel of Hunts Branch, based on the actions of Alva Phillips, was clearly improper.

We now address ourselves to the action of the Court of Appeals. Although the court referred in its opinion to a "deed" signed by Alva Phillips to Canada Coal as the sole basis for its application of estoppel by deed against Phillips, there is no such deed in the record. Phillips did sign the 1973 contract of purchase and sale with Canada Coal, but he did not sign the deeds.

■ Assuming for the sake of argument that the doctrine of estoppel by deed is broad enough to encompass the contract signed by Phillips, it does not create an estoppel in favor of Canada Coal as against Hunts Branch, the other party to this action. An estoppel by deed "precludes a party to the deed and also those in privity with him from asserting against the other party thereto and his privies any right or title in derogation of the deed or from denying the truth of any material fact asserted in it." *Kentucky River Coal Corp. v. Jones*, Ky., 441 S.W.2d 409, 411 (1969); *Meyer v. Jefferson County*, Ky., 305 S.W.2d 536 (1957).

Again, Alva Phillips is not a party here, but is only a witness. And Hunts Branch is not a party to either the contract or the deed with Canada Coal. The rights which Hunts Branch asserts under the lease cannot be precluded on the basis of actions taken by its lessor at a time subsequent to the execution of the lease. It is thus our conclusion that the Court of Appeals erred in sustaining the trial court's action of granting summary judgment.

■ One point remains. In its judgment, the trial court addressed itself to the question of whether the respondents had actually ousted the movant from the mine or had interfered with its lease. The court, in its summary disposition of the case, ruled that there was no such evidence. We do not agree. Based on our examination of the record, there is clearly a genuine issue of fact as to this question which should be submitted to the appropriate trier of fact.

The decision of the Court of Appeals and the judgment of the trial court granting summary judgment are hereby reversed and this case is remanded to the circuit court for trial of the issues.

All concur.