RENDERED:  DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1068-MR

CARRIE COX AND GUY MEADE                         APPELLANTS

APPEAL FROM LEWIS CIRCUIT COURT
v.      HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
ACTION NO. 20-CI-00127

COMMONWEALTH OF KENTUCKY;
FINANCE AND ADMINISTRATION
CABINET; KENTUCKY
TRANSPORTATION CABINET; AND
TOURISM, ARTS AND HERITAGE
CABINET                                                 APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON,[1] AND McNEILL, JUDGES.

McNEILL, JUDGE:  This case involves competing claims of interest in land

located in Lewis County, Kentucky.  Appellants are Carrie Cox and Guy Meade

(Appellants).  Appellees are the Commonwealth of Kentucky, Finance and

---

[1] Judge Donna Dixon concurred in the Opinion prior to her retirement effective November 20, 2023.  Release of this Opinion was delayed by administrative handling.

Administration Cabinet (Finance Cabinet); Commonwealth of Kentucky, Tourism, Arts and Heritage Cabinet; Cabinet of Parks (Parks Cabinet); and The Commonwealth of Kentucky, Transportation Cabinet, Cabinet of Highways (Transportation Cabinet).

The Lewis County Fiscal Court (Fiscal Court), filed a petition in the circuit court seeking to quiet title to a tract adjacent to what has been referred to in this litigation as the "Cabin Creek Covered Bridge," which bisects and crosses Cabin Creek Road located in Lewis County, Kentucky. The Fiscal Court contends the tract is actually owned by Melvin Hughes, and subject to an easement in favor of the Fiscal Court. The Cabinets were either initially named as respondents to the quiet title action or intervened in the underlying litigation. They assert ownership of the respective properties at issue. Ultimately, the circuit court entered partial judgment in favor of the Transportation Cabinet. The court also entered a declaratory judgment granting summary judgment and permanent injunction in favor of the Parks Cabinet. Appellants appeal to this Court as a matter of right. They argue that the circuit court erred by not permitting additional discovery and by granting dispositive relief to the Parks and Transportation Cabinets. For the following reasons, we affirm.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. The Kentucky Supreme Court further explained this summary judgment standard in *Steelvest, Inc. v. Scansteel Service Center, Inc.*:

> While it has been recognized that summary judgment is designed to expedite the disposition of cases and avoid unnecessary trials when no genuine issues of material fact are raised, . . . this Court has also repeatedly admonished that the rule is to be cautiously applied. The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor. Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact. The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. It clearly is not the purpose of the summary judgment rule, as we have often declared, to cut litigants off from their right of trial if they have issues to try.

807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is de novo." *Univ. of*

---

[2] Kentucky Rules of Civil Procedure.

*Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted). With this standard in mind, we turn to the applicable law and the facts of the present case.

## ANALYSIS

Before we address the substantive issues, we must first address whether the circuit court erred in denying Appellants' request for additional discovery prior to the entry of summary judgment. On January 11, 2022, the Transportation Cabinet filed its motion for summary judgment. The Parks Department filed for summary judgement soon thereafter. On January 21, 2022, Appellants' trial counsel filed an affidavit averring that they had not been able to complete discovery due, in part, to the COVID-19 pandemic. The affidavit was supported by an email sent from counsel to opposing counsel, requesting the depositions of three individuals. The email was dated April 16, 2021.

"It is not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford Ins. Grp. v. Citizens Fid. Bank & Tr. Co.*, 579 S.W.2d 628, 630 (Ky. App. 1979). For purposes of the present case, we will take judicial notice the COVID-19 pandemic's impact on litigation. However, nearly two years to the day transpired between the filing the underlying suit and the circuit court's entry of summary judgment. Moreover, nine months transpired between the time above

-4-

referenced email was sent, and when the Transportation Cabinet filed for summary judgment. Yet, we also acknowledge that during that time period, on October 25, 2021, a previous panel of this Court denied Appellants' motion for interlocutory relief under CR 65.07. Therefore, it is clear that there was an interlocutory appeal pending prior thereto. Nevertheless, in consideration of the foregoing timeline, we believe that Appellants had sufficient opportunity to engage in discovery – and in fact did so. We will now address the merits of the case.

As previously stated, this case began as a quiet title action filed by the Fiscal Court. Additional parties joined the litigation, and additional issues were raised as a result. At its core, the present case still concerns competing claims of interest in land. More precisely, however, this case concerns three parcels – green, blue, and red.[3] Red is not at issue on appeal. Therefore, we need not address it further. Title to blue is disputed between Appellants and the Parks Cabinet. Title to green is disputed between Appellants and the Transportation Cabinet. To be clear, all parcels are situated between the Old Cabin Creek Road and Cabin Creek. We will first address blue, and then green.

In its declaratory judgment granting the Parks Cabinet summary judgment and a permanent injunction, the circuit court reasoned as follows:

---

[3] These colors correspond to the survey map provided in Appellants' brief. They are also used as identifiers in the circuit court's summary judgments that are the subject of the present appeal.

[T]he Department of Parks has established that it is the record title owner of the Cabin Creek Covered Bridge and the "Old Kentucky 984" both east and west of the bridge. The chain of title as described in the deed of record in the Lewis County Courthouse Deed Book 236, Page 255 established record ownership. Cox and Meade's surveyor J.P. Cahill testified that the Department of Parks is the owner of the bridge and the old road. Further Cahill testified that Cox and Meade have encroached on the Department of Parks (sic) property to include erecting a gate over state property and installing signs and cameras.

In opposition to the Motion for Summary Judgment, Cox and Meade have argued that the road was "abandoned." However, The Cabin Creek Covered Budge was designated as a state shrine by the General Assembly in 1980 under KRS 171.383. The Department of Parks was given administrative control of the Cabin Creek Covered Bridge by the General Assembly under KRS 176.400. The Department of Parks, along with other state partners, oversaw a significant restoration of the bridge once grant made became available. The road segments east and west of the bridge are necessary for access and maintenance of this state shrine as established by the restoration and need for the public to visit the bridge, such that the requirements of KRS 178.116 were not met for an automatic reversion of the land to adjoining landowners.

Having considered Appellants' argument on appeal, we also conclude that the disputed property was not "abandoned" and that reversion is inappropriate. We will now address the green parcel.

Due to the Cabin Creek Covered Bridge and old road becoming unusable as a suitable public thoroughfare, the circuit court concluded that the

-6-

Transportation Cabinet "undertook a project to relocate KY 984 and build a modern bridge to convey traffic across Cabin Creek." To effectuate this result, the Transportation Cabinet purchased tracts from two grantors, Humphries and Hughes.

There appears to be a genuine issue of material fact concerning the competing claims for the green parcel arising from the underlying deed descriptions that Appellants and the Transportation Cabinet obtained from their respective grantors. The court addressed this issue as follows:

> It is not necessary for the Court to determine whether [Appellants'] surveyor is correct or not, or to determine whether an error in an ancient description created an overlap in the descriptions for the various parcels. For the purposes of this motion, the Court assumes that [Appellants] have superior record title to the parcel claimed by [Transportation Cabinet] and marked in green on the J.P. Cahill plat attached.
>
> [Transportation Cabinet] is entitled to summary judgment under the doctrine of estoppel by deed[.]

The court specifically determined that the doctrine of estoppel by deed applies here because Appellants and the Cabinet were in privity with grantor Humphries.

> An estoppel by deed precludes a party to the deed and also those in privity with him from asserting against the other party thereto and his privies any right or title in derogation of the deed or from denying the truth of any material fact asserted in it.

*Hunts Branch Coal Co. v. Canada*, 599 S.W.2d 154, 156 (Ky. 1980) (internal quotation marks and citation omitted). We need not belabor this issue further because there appears to be a genuine issue of material fact as to the applicability of this doctrine to the present facts, based on the issue of privity specifically. Recognizing this, the circuit court further determined that "[r]egardless of which party has superior record title, [Transportation Cabinet] is entitled to judgment determining that it owns the area depicted in green . . . by prescription or adverse possession." The court elaborated as follows:

> [Transportation Cabinet] has possessed the area depicted in green on the Cahill plat since acquiring the property from Melvin Hughes in 1983. [Transportation Cabinet] constructed the modern bridge, approaches, abutments, and relocated the highway, based upon plans which were a matter of public record, and constructed the project on property acquired by deeds that were also of record. [Transportation Cabinet] thereafter maintained the relocated road and bridge, and possessed same continuously to the exclusion of the adjoining property owners, for the use of the traveling public. Kentucky law is well settled that a grant of a right of way and its acceptance by the proper authority and in the proper manner will be conclusively presumed from an uninterrupted and adverse use by the public as a right, and not the effect of indulgence or permission, for the period of 15 years or more. Any purchaser of property adjacent to or occupied by a public highway is presumed to have purchased the property subject to the public highway.

(Internal quotation marks and internal record and case citations omitted.) In their brief on appeal, Appellants provide the following counter argument:

-8-

> Adverse possession requires a showing that possession is: (l) hostile under a claim of right; (2) actual; (3) exclusive; (4) continuous; and (5) open and notorious. It is the claimant's burden to prove these elements by clear and convincing evidence. *Ellington .v Becraft*, 534 S.W.3d 785, 798 (Ky. 2017). As the Kentucky Supreme Court set forth in *Moore v. Stills*, 307 S.W.3d 71 (Ky. 2010), mere entry, fishing, occasional entry or use, and other such uses are not sufficient to establish a claim of right.
> . . .
>
> The Circuit Court's conclusion that the Green Area was maintained for years was an issue of fact – two witnesses testified there were no improvements.

Although we do not disagree with Appellants' recitation of the elements of adverse possession under Kentucky law, we disagree with their ultimate conclusion that there is a genuine issue of material fact here. The green parcel contains a state road and bridge built and maintained by the Transportation Cabinet for the use of the general public. As the circuit court correctly observed, "[i]t is now the settled rule that a grant of a right of way and its acceptance by the proper authority and in the proper manner will be conclusively presumed from an uninterrupted and adverse use by the public as a right, and not the effect of indulgence or permission, for the period of 15 years or more." *City of Louisville v. Tompkins*, 122 S.W. 174, 175 (Ky. 1909) (citation omitted). The Commonwealth, by way of the Transportation Cabinet, need not make continual "improvements" along its thoroughfares in order to maintain title, or to gain title by adverse possession or otherwise. Therefore, even if there is a genuine issue of material as to title by

-9-

deed, or estoppel by deed, Appellants have not sufficiently demonstrated that the

circuit court's finding of adverse possession requires reversal.  In the alternative,

Appellants' claim is barred by the doctrine of laches:

> Laches in its general definition is laxness; an
> unreasonable delay in asserting a right.  In its legal
> significance, it is not merely delay, but delay that results
> in injury or works a disadvantage to the adverse party.
> Thus there are two elements to be considered.  As to
> what is unreasonable delay is a question always
> dependent on the facts in the particular case.  Where the
> resulting harm or disadvantage is great, a relative brief
> period of delay may constitute a defense while a similar
> period under other circumstances may not . . . .  The
> doctrine of laches is, in part, based on the injustice that
> might or will result from the enforcement of a neglected
> right.
>
>  . . .
>
> The doctrine of laches is based upon grounds of public
> policy, which requires for the peace of society the
> discouragement of stale demands; and where the
> difficulty of doing entire justice by reason of the death of
> the principal witness or witnesses, or from the original
> transactions having become obscured by time, is
> attributable to gross negligence or deliberate delay, a
> court of equity will not aid a party whose application is
> thus destitute of conscience, good faith, and reasonable
> diligence.

*Denison v. McCann*, 197 S.W.2d 248, 249 (Ky. 1946).  Here, the circuit court

concluded that the Transportation Cabinet acquired the disputed property in 1983.

The present case was filed in 2020, more than thirty-five years later.  There is no

indication in the briefs on appeal that Appellants actively contested title, or any

-10-

other property right to the disputed property during that time. We believe that this constitutes an unreasonable delay that would unduly harm the Commonwealth and its citizens if Appellants' alleged property right were enforced in this instance. Therefore, the doctrine of laches bars Appellants from contesting title to the green parcel. Although this was not addressed by the circuit court or the parties on appeal, it was pled as an affirmative defense by the Transportation Cabinet. As an Appellate court, we "may affirm the trial court for any reason sustainable by the record." *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991).

Lastly, the circuit court dismissed Appellants' crossclaim seeking to acquire title to a public highway and adjoining right of way as barred by the doctrine of governmental immunity. *See, e.g.*, *Howard v. Big Sandy Area Dev. Dist., Inc.*, 626 S.W.3d 466, 471 n.19 (Ky. 2020) (citations omitted) ("[S]overeign immunity should extend . . . to the *departments, boards or agencies* that are such *integral parts* of state government as to come within the regular patterns of administrative organization and structure."); and *Federated Transportation Servs. of the Bluegrass, Inc. v. Skiles*, No. 2014-CA-000850-MR, 2015 WL 5645588, at *2 (Ky. App. Sep. 25, 2015) ("[T]he Transportation Cabinet is an agency of state government[.]"). While the court's determination here was correct, it is moot in light of the preceding analysis. Appellants' crossclaim for nuisance or trespass is

also moot, or otherwise properly denied by the circuit court. Therefore, having considered the record, arguments, and authority presented, we affirm.

## CONCLUSION

For the foregoing reasons, we affirm the Lewis County Circuit Court's partial judgment in favor of the Transportation Cabinet, and its declaratory judgment granting summary judgment and permanent injunction in favor of the Parks Cabinet.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Christopher Wiest
Crestview Hills, Kentucky

Thomas B. Bruns
Cincinnati, Ohio

BRIEF FOR APPELLEE
TRANSPORTATION CABINET:

John F. Estill
Maysville, Kentucky

BRIEF FOR APPELLEES FINANCE
AND ADMINISTRATION CABINET
AND TOURISM, ARTS, AND
HERITAGE
CABINET/DEPARTMENT OF
PARKS:

Brian Thomas
Patrick W. McGee
Frankfort, Kentucky

Sarah G. Cronan
Donna A. Schneiter
Frankfort, Kentucky